# Christie Street Commission Co. v. The Board of Trade et al.

1. INJUNCTIONS—*To Restrain the Commission of Statutory Offenses.*—Courts of chancery have no jurisdiction to interfere at the suit of a private person merely for the prevention of crimes or statutory offenses. The scope of equity jurisdiction is to enforce or protect civil rights and property interests.

2. COURTS OF CHANCERY—*Restraint of Offenses, When Incidental.*—If the intervention of a court of equity is warranted by the necessity of protection to civil rights or property interests, the mere fact that incidental thereto, a crime or statutory offense must be enjoined, will not operate to deprive the court of its jurisdiction.

3. SAME—*Where the Remedy by Indictment does not Deprive the Court of its Powers.*—Where private interests or rights call for the intervention of the court by injunction, although the act sought to be enjoined amounts to a crime or statutory offense, the mere fact that the law affords a remedy by indictment does not deprive the court of its jurisdiction.

4. BOARD OF TRADE—*Property Rights in Market Quotations.*—The property rights of the board of trade in market quotations are held to be affected with a public interest.

**Bill for an Injunction.**—Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this Court at the March term, 1900. Reversed. Opinion filed January 7, 1901.

**Statement.**—This is an appeal from an interlocutory order of injunction.

The original bill of complaint was filed by appellant against the Board of Trade of the City of Chicago and the Western Union Telegraph Company, seeking, by way of relief, to have them enjoined from depriving appellant of market quotations of the board of trade, as distributed by the Western Union Telegraph Company. The answer of the board of trade set up in effect that appellant was using such quotations for an unlawful purpose, viz., bucket-shopping, an offense against statutory provisions of the State of Illinois, and also of the State of Missouri, where appellant was engaged in business. A cross-bill was filed by the board of trade, setting up the same charge alleging con-

sequent injury to the cross-complainant, and praying, by way of relief, that the Western Union Telegraph Company be enjoined from giving to appellant, and that appellant be enjoined from receiving the market quotations in question.

The court below referred the cause to a master in chancery to take evidence, and upon the coming in of the master's report of evidence taken, the court granted a temporary injunction upon the cross-bill as prayed.

From that order this appeal is prosecuted.

A. B. JENKS, attorney for appellant.

HENRY S. ROBBINS, attorney for appellees.

MR. JUSTICE SEARS delivered the opinion of the court.

The cross-bill, upon which the order here appealed from was issued, alleges that appellant is engaged in the practice of bucket-shopping, an offense against the statutes of the State of Illinois and of the State of Missouri, where appellant is engaged in business; and also that the use of the market quotations of cross-complainant in such unlawful business works an injury to the cross-complainant.

The order of injunction was not issued upon the allegations of the cross-bill alone, but upon evidence taken by a master in chancery and considered by the court.

We regard the evidence as sufficient to warrant the conclusion of the chancellor that appellant was in fact using the quotations in the illegal business of bucket-shopping. But this is not of itself sufficient to warrant the issuing of the order. Courts of chancery have no jurisdiction to interfere at the suit of a private person merely for the prevention of crimes or statutory offenses. The scope of equity jurisdiction is to enforce or protect civil rights and property interests. High on Injunctions (3d Ed.), Sec. 20; Cope v. Fair Ass'n, 99 Ill. 489; Atty. Gen. v. Utica Ins. Co., 2 John. Ch. 370; Cranford v. Tyrrell, 128 N. Y. 341; Sparhawk v. Union P. R. Co., 54 Pa. St. 401.

If the intervention of a court of equity be warranted by

the necessity of protection to civil rights or property interests, then the mere fact that incidental thereto a crime or statutory offense must be enjoined, will not operate to deprive the court of its jurisdiction. It is enough if the private interest or right calls for intervention, although the fraud sought to be enjoined may also amount to a crime or statutory offense. The mere fact that the law affords a remedy by indictment does not deprive the court of equitable powers in relation to private rights and interests. Hinke v. Hopeman, 87 Ill. 450; Barrett v. Mt. Greenwood Ass'n, 159 Ill. 385; Crawford v. Tyrell, *supra;* Vegelahn v. Guntner, 167 Mass. 92.

But the existence of the private right and the propriety of an intervention in behalf of the same, are essential to the jurisdiction.

We have, then, to inquire whether the evidence discloses any right or property interest of the board of trade which may be injured by the use of the quotations in bucket-shopping by appellant.

The property rights of the board of trade in these quotations are held to be affected with a public interest. The N. Y. & C. G. & S. Exchange v. The Board of Trade, 127 Ill. 153.

The cross-complainant shows no injury to the rights or interests of the board of trade in these quotations by reason of the use of them in bucket-shopping by appellant. The only injury of any kind alleged is set forth as follows:

" Whereby the good name and reputation for business integrity of the board and its members is impaired, and they are deprived of many customers and large sums of money and commissions which would otherwise come to them but for the discredit cast upon the board and its members by the operation of bucket-shops, and the impression is created in the public mind that the board is connected with them, and the board is hindered from increasing its membership, and thereby more extensively inculcating principles of justice and equity in trade, and secure to its members the full benefit of co-operation for legitimate purposes."

There is absolutely no evidence showing or tending to

Christie Street Commission Co. v. Board of Trade.

show that the use of the quotations by appellant tends to decrease the membership of the board of trade. The most that could be contended by counsel for appellee is that it appears that some business and commissions incident thereto may be diverted from members of the board of trade to appellant by reason of the business done by appellant; in other words that by competition of appellant injury may result to the members of the board of trade. But no such theory of an injury to any rights of the board of trade will suffice to sustain this order for the following reasons: First, it is asserted by the board of trade in its answer to the original bill and by its cross-bill, that appellant is engaged in no lawful business, and it is argued here, that the order issued by the court below is based upon its finding that appellant was using the quotations in an unlawful business only. It being assumed that the board of trade is engaged in a lawful business, it is difficult to see how the unlawful operation, viz., gambling, of appellant, can divert " business and commissions " from the board of trade to appellant. Secondly, it appears that the board of trade is not organized for nor is it engaged in any trading whatever. The purposes of its organization are " to maintain a commercial exchange; to promote uniformity in the customs and usages of merchants; to inculcate principles of justice and equity in trade; to facilitate the speedy adjustment of business disputes; to acquire and to disseminate valuable commercial and economic information, and generally to secure to its members the benefits of co-operation in the furtherance of their legitimate pursuits."

The business conducted by appellant, lawful or unlawful, can in no wise compete with the business of the board of trade. Commissions diverted to appellant may be a loss to individual members of the board of trade, but it is difficult to see how they constitute any substantial loss to the board of trade itself, which could in no event earn any commissions in trading. The cross-bill and the evidence taken upon the allegations fail to establish that any injury to any private right or interest of the board of trade will result

by reason of the use by appellant of the quotations in question.

It is unnecessary to consider here whether the board of trade might refuse to furnish its quotations to one who sought to use them only in an unlawful business. Nor need we now consider whether a court of equity would intervene to prevent the board of trade from thus withholding its quotations. The one question necessary to be determined upon this appeal is as to whether the evidence discloses any such interference with the private rights or property interest of the board of trade as would warrant a court of equity in intervening. As no such right or interest subject to be injured by the unlawful practices of appellant is made to appear, we must regard the order of the court below as merely an attempt to enforce a criminal statute by its injunction. This is unwarranted. The order is therefore reversed.