(No. 25989.—

EDWARD N. LASDON *et al. vs.* JOHN J. HALLIHAN, Director of Registration and Education *et al.* Appellees.—(DONALD B. ALEXANDER *et al.* Appellants.)

*Opinion filed June 13, 1941—Rehearing denied September 10, 1941.*

Louis M. Kaplan, for appellants.

George F. Barrett, Attorney General, and Thomas J. Courtney, State's Attorney, (Albert E. Hallett, Jr., of counsel,) for appellees.

Mr. Justice Murphy delivered the opinion of the court:

This case comes direct to this court by appeal from a decree of the circuit court of Cook county, pursuant to leave granted appellants to appeal within one year under the procedure provided for in rule No. 29, 370 Ill. 29. Constitutional questions are presented which confer jurisdiction for a direct appeal.

Seven persons, four of whom are appellants, instituted this action against the Director of Registration and Education, the Attorney General, and State's attorney of Cook county, seeking by such proceeding to enjoin such officials from enforcing, by criminal prosecution, certain provisions of the Dental Practice act which they claim violate the State and Federal constitutions. After evidence had been taken before the master and a hearing was had on his report, the chancellor dismissed the complaint for want of equity. Appellants operated dental laboratories in Chicago for the making of prosthetic dentures, bridges and other substitutes for natural teeth.

The constitutional attack is upon parts of section 5 of the Dental Practice act as amended in 1939. (Ill. Rev. Stat. 1939, chap. 91, par. 60.) The pertinent provisions of the section, as amended, are: "A person practices dentistry within the meaning of this act: * * * (9) Who

furnishes, supplies, constructs, reproduces or repairs, or offers to furnish, supply, construct, reproduce or repair prosthetic dentures (sometimes known as 'plates'), bridges or other substitutes for natural teeth to the user or prospective user thereof."

"The following practices, acts and operations, however, are exempt from the operation of this act: * * * (f) The making and repairing of prosthetic dentures, bridges, artificial restorations or other structures to be used or worn as substitutes for natural teeth, or appliances for the correction of disease, loss, deformity, malposition, dislocation, fracture of or injury to the jaws, teeth, lips, gums, cheeks, palate or associated tissues or parts upon order or prescription given by a licensed and registered dentist and constructed on, or by use of, casts or models made from impressions taken by a licensed and registered dentist; provided, that such prosthetic or orthodonic appliances, or the services rendered in the construction, repair or alteration thereof shall not be offered for sale, or use, or delivery to the public. And provided further that such prosthetic or orthodonic appliances shall not be placed or adjusted in the oral cavity except by licensed and registered dentists."

It will be observed that under these provisions dental plates may, under certain specified conditions, be made by one who is not a licensed and registered dentist. Such conditions are (a) the impression from which the plate is to be made must be taken by a licensed dentist; (b) the person engaged in the making of such appliances shall not offer to sell them or the services rendered in the construction of them to the public and (c) the placing and adjustment of the plates in the oral cavity shall be performed by a licensed dentist.

The master found that for several years there had been two classes of dental laboratories in Chicago, those who dealt exclusively with licensed dentists having no contact or dealings with the general public or the patient for whom

the plate was being made, and those who advertised their business by offering to sell full or partial dentures to the public.

The laboratories of the appellants were within the latter classification. The pleadings raised an issue of fact as to appellants' method of transacting business. The finding of the master on that point is not questioned, the material parts of which are: "The laboratories in question conduct their business in the following manner: An 'ad.' is placed in a newspaper of general circulation or some other publication offering for sale to the public full or partial dentures; a person in need of a full or partial denture who has seen the advertisement * * * enters the store or office of the laboratory and informs the plaintiffs or one of their employees that he wishes to purchase a denture; * * * the customer is asked * * * whether he, the customer, has a dentist; if he has not, the laboratory owner then recommends a dentist to the customer; the customer then leaves the laboratory and visits the dentist; the dentist makes an impression and arrangements are made between the customer and the dentist for the payment to the dentist for his services; * * * upon this impression [the one made by the dentist] the laboratory constructs the denture, which denture is then delivered to the dentist for fitting in the customer's mouth; the denture is then sent back by the dentist to the laboratory for adjustments and when it is finally completed, it is returned by the laboratory to the dentist for final fitting in the customer's mouth; the customer pays the laboratory for its work and pays the dentist for his work." The appellants had each been engaged in the making of dentures for several years and previous to a few months before the trial their dealings had been exclusively with licensed dentists.

Appellants say they do not contend that the provision of the act which requires the making of the impression and fitting and adjustments of the plate in the oral cavity to

be done by a licensed dentist is not a proper exercise of legislative power, but that their objection is to the provision which prohibits them from making and offering dental plates for sale or use to the public.

The specific reasons why the Federal and State constitutions are claimed to have been violated by the amendment to section 5 are (a) that the amendment unreasonably restrains trade, impairs the right of contract and deprives appellants of liberty and property without due process of law in violation of sections 1 and 2 of article 2 of the Illinois constitution and the fifth and fourteenth amendments of the Federal constitution; (b) that it violates section 13 of article 4 of the Illinois constitution, in that the amendment purports to cover subjects not embraced in the title of the act and embraces more than one subject; (c) that it is special or class legislation, violating section 22 of article 4 of the State constitution and the fourteenth amendment of the Federal constitution; (d) that it is unreasonable, arbitrary, bears no relation to public health, morals or welfare of the people and is not a valid exercise of the police power, and finally, it is argued, as a matter of statutory construction, that the dental laboratory operations as carried on by appellants did not constitute the practice of dentistry within the meaning of the act.

Appellants are in no position to complain of the impairment of their right to contract as to matters relating to their business if their business was of such nature as to be the subject of legislative regulation through the exercise of the police power of the State. (*Semler* v. *Oregon State Board of Dental Examiners,* 294 U. S. 608, 79 L. ed. 1086; *Rast* v. *Van Deman and Lewis Co.* 240 id. 342, 60 L. ed. 679; *Schiller Piano Co.* v. *Illinois Northern Utilities Co.* 288 Ill. 580.) In discussing the extent of power which the legislature possesses in matters related to the police power this court in *People* v. *Weiner,* 271 Ill. 74, said: "The power of the legislature to pass laws for the preserva-

tion of good order or to promote public welfare and safety, or to prevent fraud, deceit, cheating and imposition, has always been recognized in this State. (*People* v. *Freeman,* 242 Ill. 373; *People* v. *Schenck,* 257 id. 384.) * * * A rightful exercise of the police power is not a violation of the fourteenth amendment even though property interests are affected. * * * The police power has been defined as that inherent and plenary power in the State which enables it to prohibit all things hurtful to the comfort, safety and welfare of society. * * * This power is very broad and far-reaching, yet it is not without its restrictions. While the courts will not pass upon the wisdom of an act concerning the exercise of the police power, they will pass upon the question whether such act has a substantial relation to the police power. * * * It must have some relation and be adapted to the ends sought to be accomplished."

In the exercise of police power the practice of the professions has been subjected to licensing and regulation for the reason that the services customarily rendered by those engaged in such professions are so closely related to the public health, welfare and general good of the people, that regulation is deemed necessary to protect such interests. It has been held a proper exercise of police power to legislate and protect the professions performing such services against commercialization and exploitation. (*Winberry* v. *Hallihan,* 361 Ill. 121; *Semler* v. *Oregon State Board of Dental Examiners, supra; People* v. *Peoples Stock Yards State Bank,* 344 Ill. 462.) In the *Semler case, supra,* in discussing the objectives sought by the legislature of the State of Oregon in enacting the Dental Practice act of that State, the court said: "The legislature was not dealing with traders in commodities but with the vital interest of public health, and with a profession treating bodily ills and demanding different standards of conduct from those which are traditional in the competition of the market place.

The community is concerned with the maintenance of professional standards which will insure not only competency in individual practitioners but protection against those who would prey upon a public peculiarly susceptible to imposition through alluring promises of physical relief. And the community is concerned in providing safeguards not only against deception, but against practices which would tend to demoralize the profession by forcing its members into unseemly rivalry which would enlarge the opportunities of the least scrupulous."

In *Winberry* v. *Hallihan, supra,* in considering the power of the legislature to regulate dental advertising by licensed dentists as provided in sections 18 and 18b of the act, the reasoning in the *Semler case* was followed and it was held the sections of the act regulating advertisements by licensed dentists were valid. Since it is established by precedent that the legislature may, in the exercise of the police power, regulate advertisement by licensed dentists for the purpose of protecting the profession against commercialized exploitation, it would follow that if section 5 can be considered as having been enacted for the same purpose, it should be sustained on such precedent.

The facts as found by the master may not fully justify a statement that appellants designed to commercialize and exploit the profession of dentistry but there is sufficient in the record to warrant the conclusion that if the objectionable provisions of the act were removed on constitutional grounds the possibility of commercialized exploitation of the profession would be present.

Appellants claim they have a constitutional right to advertise their business and sell their products to the public, subject only that the making of the impressions and the fitting and adjustment of the plates shall be by a licensed dentist. It is obvious that if they were permitted to thus advertise their business, the practice of the profession of

dentistry would, to a great degree, be subservient to the business of those engaged in the making of plates. It is well known that masses of the public do not comprehend or understand the skill that is necessary to the making of proper dentures and the proper charges to be made for such services. Such persons are often attracted by the advertisements of the quack and charletan and seek his services.

Appellants concede that a considerable number of their customers come to their laboratories because of the advertisements and publicity they give to their business. They also admit that they refer many of their customers to a dentist, as a rule to one particular dentist. Dr. Hejna testified that about thirty-five per cent of his patients were referred to him by ones operating a laboratory. If the advertisement carrried on by the dental laboratories was the medium that brought the customer to the laboratory, and he was sent from there to Dr. Hejna's office, it would, as to its effect upon the dental profession, be much the same as though he had come to Dr. Hejna's office in answer to an advertisement of Dr. Hejna's, which is prohibited by section 18 and 18b of the act. If the restrictions of which appellants complain were removed, it would permit licensed dentists receiving patients referred to them by the dental laboratories to do indirectly what other provisions of the act prohibit them from doing directly.

The right to follow the professions is one of the fundamental rights of citizenship. A person's business, profession or occupation is property within the meaning of the constitutional provision as to due process of law and is also included in the right to liberty and the pursuit of happiness. (*People* v. *Love*, 298 Ill. 304.) The right to pursue a lawful calling, business or profession cannot be arbitrarily taken away but where, as in this case, the legislature has the right to regulate the profession for the pro-

tection of society there is no loss of property or violation of the right to liberty and the pursuit of happiness. *People* v. *Walsh,* 346 Ill. 52.

It is next contended that the part of section 5, as amended, which defines the practice of dentistry to include the making of dental plates violates section 13 of article 4 of the State constitution by introducing into the act another subject and one which was not included in the title to the original act. The title of the act is "An act to regulate the practice of dental surgery and dentistry in the State of Illinois."

The subject of "an act" as that term is used in the constitution means the matter or thing forming the groundwork of the act, and may include many provisions that are germane to it and are such that, if traced back, will lead the mind to the subject as the generic head. (*Perkins* v. *County Comrs.* 271 Ill. 449; *People* v. *Solomon,* 265 id. 28.) Any matter or thing which may reasonably be said to be subservient to the general subject or purpose will be considered germane and may be properly included in the law. *Mammina* v. *Alexander Auto Service Co.* 333 Ill. 158; *People* v. *Kramer,* 328 id. 512; *People* v. *Sargent,* 254 id. 514.

Unless an act contains matters which are not germane to the title or the title expresses subjects without any proper relation to each other, the constitutional provision is not violated. The General Assembly must determine the comprehensiveness of the subject of an act and the particularity of the act defining the subject. An act having a single general subject expressed in the title may contain many provisions however diverse, if they are not inconsistent with or foreign to the subject. (*Department of Public Works* v. *Spanogle,* 327 Ill. 122; *People* v. *Stacker,* 322 id. 232.) The tendency is to construe this constitutional provision liberally and not strictly, for the latter course would embarrass legislation and largely defeat the beneficial

purposes for which the provision was adopted. Cooley's Const. Lim. (7th ed.) p. 209.

The subject of the Dental Practice act includes within its terms the regulation of the practice of dentistry and, as previously stated, the purpose of the provisions of section 5 is to protect and regulate the practice of that profession. The provisions objected to bring within the purview of the act matters which are germane to the title. The act is not subject to the constitutional objection made.

Another constitutional objection urged against section 5 is that it is special legislation and violates the clause of section 22 of article 4 of the State constitution, which provides: "The General Assembly shall not pass local or special laws granting to any corporation, association or individual any special or exclusive privilege, immunity or franchise whatever," and that it violates the fourteenth amendment of the Federal constitution.

It is claimed that since the dental laboratories were found to be of two classes, namely, those which deal exclusively with dentists and those which advertise and sell to the public, and section 5 being directed against the latter class, an unjust discrimination is created between the two classes of laboratories.

This section does not divide those who operate dental laboratories into two classes. It merely provides that the making of dental plates under certain conditions is not included within the provisions of the act. There is no statutory provision prohibiting any one engaged in such business from complying with such conditions. Compliance carries with it the right to be exempted from the provisions of the act. A law is not local or special in a constitutional sense if it operates in the same manner on all persons in like circumstances. (*Springfield Gas Co.* v. *City of Springfield,* 292 Ill. 236.) General laws are those which relate to or bind all within the jurisdiction of the law-making power. If a law is general and uniform in its operation

upon all persons in like circumstances, it is general in a constitutional sense, but it must operate equally and uniformly upon all brought within the relation and circumstances for which it provides. (*Lippman* v. *People,* 175 Ill. 101.) The act does not confer exclusive privileges and does not violate these constitutional provisions. The right to the equal protection of the laws guaranteed by the fourteenth amendment is not denied when it is apparent that the same law or course of business is applicable to any person in the State under similar circumstances and conditions. *Linsley* v. *Anderson,* 171 U. S. 101, 43 L. ed. 91.

The objection that the restrictions imposed by section 5 have no relation to public health and the general welfare has been fully covered in the disposition of the previous questions in this case and by what was said in *Winberry* v. *Hallihan, supra.*

Appellants' final contention that section 5, as amended, even though constitutional, does not prohibit the dental laboratory operations performed by appellants has been disposed of by what has already been said. Appellants cite *Winner* v. *Kadow,* 373 Ill. 192, in support of such contention. The facts as recited in the opinion of that case show that the plaintiff who made the plate complied with the provisions of section 5. The impression was made and the plate was fitted by a licensed dentist and there was no evidence that the plaintiff had held himself out as selling dental plates to the public. The distinction which is made in this case between the operations of the two different classes of dental laboratories was recognized in the *Winner case.* Appellants were not entitled to injunctive relief and the decree was correct.

The decree of the circuit court of Cook county was right, and is affirmed.

*Decree affirmed.*