People of the State of Illinois, Defendant in Error, v. A. A. A. Dental Laboratories, Inc., Plaintiff in Error.

Gen. No. 42,257.

Opinion filed March 10, 1943. Rehearing denied March 29, 1943.

JAMES W. BREEN, of Chicago, for plaintiff in error; VOYLE CLARK JOHNSON, of Chicago, of counsel.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE and JOSEPH A. POPE, Assistant State's Attorneys, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

The Corporation appeals from a judgment on a verdict finding it guilty of the criminal offense of practicing dentistry unlawfully in violation of section 72 (a) of the Medicine and Surgery Act, (ch. 91, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 39.19]).

The Corporation owns and operates several laboratories and offices located in Chicago, Illinois. The information charged that the offense was committed September 3, 1941, by offering to furnish, supply, con-

struct and repair dental plates for users and prospective users, and offering dental plates for sale, use and delivery to the public by advertising the sale, use and delivery thereof to the public through the Chicago Daily Times, a newspaper of general circulation. The State produced the only evidence at the trial since the offer of proof made by the Corporation was rejected. A policeman testified to buying ''The Times'' September 3, 1941 and seeing the advertisement which was introduced in evidence; also to visiting several of the laboratories during their business hours and finding dental plates on display therein with the prices advertised. An employee of ''The Times'' testified to soliciting the advertisement and of the publishing in the paper of advertisements of various dental laboratories and dentists.

The court at the close of the evidence said that, as a matter of law, proof alone of the advertisement by the Corporation offering to furnish dental plates to users, or prospective users, was practicing dentistry unlawfully in violation of paragraph 72 (a) of the Act. This was the State's theory and the jury was instructed in accordance therewith.

The Corporation complains that the information was insufficient to charge the crime or support the verdict; that the instructions were erroneous; and that no evidence was introduced tending to prove a crime. Its motions to strike, for directed verdict and for a new trial were denied.

Prohibition against the practice of dentistry by a corporation is but one member of the disjunctive provisions of paragraph 72 (a). The others are holding oneself out as entitled to practice dentistry; furnishing dental service or dentists, advertising under or assuming the title of dentists, etc.; furnishing dental advice for compensation; advertising or holding oneself out as owner of a dental office, or that it can furnish dental

services; and soliciting patronage for any dentist employed by such corporation.

In effect the information charges the defendant as a corporation with unlawfully practicing dentistry, in violation of paragraph 72 (a), as described in paragraph 60 (9), (as amended in 1939) that is, by offering to furnish, supply, etc. dental plates, etc. to users, or prospective users. Paragraph 60 in addition to describing the various practices amounting to the practice of dentistry, sets forth certain exemptions from the Act, (f) being the making or repairing of dental plates, etc. upon order or prescription of a licensed or registered dentist and constructed from impressions taken by such a dentist. Provisos in (f) contain prohibitions; such plates shall not be offered for sale, etc. to the public, and they shall be placed or adjusted in the mouth only by licensed registered dentists. The Corporation argues that the information should have negatived this exemption. It will be noted that the State charged a violation of the prohibition in the proviso against offering dental plates to the public for sale. That charge negatived the exemption because proof of the charge would lift exemption (f) and bring the Corporation within the scope of the Act, so that paragraph 72 (a) would apply. The allegations of advertising simply described the means whereby the prohibition limiting (f) was allegedly violated and was not, itself, charge of an offense nor was the allegation of the offer of sale, charge of an offense. The information was sufficient for it alleged the crime under paragraph 72 (a), as described in paragraph 60 (9) and negatived the exemption (f) by charging the offer to sell.

The advertisement is the only evidence relied on by the State. The State contended, and the trial court upheld the contention, that the advertisement was sufficient to prove the crime. The State says that having proved by the advertisement that the Corporation of-

fered to sell and deliver dental plates to the public, and using the advertisement to solicit patrons, that, under *Lasdon v. Hallihan*, 377 Ill. 187, the crime was proved. The requirement of this case is proof beyond a reasonable doubt, and there is no charge made of unlawful solicitation of business. The Corporation offered to prove that it does not make dental plates except upon orders of, and impressions taken by, licensed dentists. The offer was rejected.

The Corporation says that the *Lasdon* case is not applicable, but that the case of *Winner v. Kadow*, 373 Ill. 192 is decisive here. Its principal contention is that making dental plates only in accordance with exemption (f), it cannot be guilty of a violation of the Act. It misses the point that if it did comply with exemption (f) and yet violated either prohibition provided therein, the exemption would be lifted and the Act apply. It seeks to distinguish the *Lasdon* case, on account of the mode of practice, which the evidence there showed was the custom of the laboratory. It again misses the point that, complying only with exemption (f) is not controlling. The provisos thereto are conditions which must be fulfilled in order to gain the exemption.

Neither the *Winner* case nor the *Lasdon* case alone is decisive of the instant case. The *Winner* case was a suit by a laboratory on a note and the *Lasdon* case an injunction suit by a laboratory to restrain prosecution of alleged violation of the Act. In the *Winner* case no advertisement was in evidence. In the *Lasdon* case there was an advertisement, and findings that the laboratory referred patrons to a particular dentist; and that the patient though examined and fitted by a licensed dentist and delivered by the laboratory to the dentist, paid the dentist for his services and the laboratory for its services. The advertisement in the latter case went much further than the one in the instant case. The *Winner* case, decided February 21, 1940,

construed the word, "public" in the proviso to exemption (f) as meaning persons other than those examined and fitted by a licensed dentist, and it decided that a sale to a person so examined and fitted, was legal as a dental practice exempted from the Act. The *Lasdon* case, decided June 13, 1941, decided that a laboratory may carry on its business of making and selling dental plates, on condition that the impression is made by licensed dentists, the fitting done by a licensed dentist, and the dental plates or services making them not offered for sale to the public. Applying the construction of the word "public," in proviso to (f), in the *Winner* case to the elements of compliance in the *Lasdon* case, it appears that the Corporation here complied so as to be without the scope of paragraph 72 (a), if it required impressions and fittings to be made by licensed dentists and sold the dental plates only to those persons so examined and fitted. Carrying on a business in that way, being a lawful enterprise, advertising the business as carried on would be the defendant's right.

If the advertisement offered services which did not comply as aforesaid, then there would be an unlawful offer of services and the elements of the crime present. The advertisement carried the picture of a toothsome young lady, defendant's name, locations of the various branches, the hours of business and the following statements, "Try Natural Looking False Teeth $9.50 Up—60 Days Trial, Free Estimates, Money Back Guarantee of Satisfaction—World's Largest Dental Plate Makers—Credit if you Need! Dentures made upon receipt of order & impression from Licensed Dentists only. Repairs—One Day Service." The restrictive statement is not as large as some of the print, but cannot be construed as unreadable or hidden, or as designed for any ulterior purpose other than perhaps to have it read after the more attractive statements in larger print.

The State asks can it be contended that the advertisement does not offer dentures for sale, use or delivery to the public, published as it was in The Chicago Times? This is a criminal proceeding and the State was required to prove the crime beyond a reasonable doubt. It relies on the advertisement alone. Obviously, the advertisement did not offer to sell dental plates to persons other than those prescribed for and fitted by licensed dentists. On the contrary, the advertisement limited any offer to those persons only so examined and prescribed for. Without evidence that the practice of the defendant was not in compliance with the elements necessary for exemption, no crime was proved, the instructions given were erroneous and the judgment must be reversed.

For the reasons given the judgment of the Municipal Court is reversed.

*Judgment reversed.*

BURKE, P. J., and HEBEL, J., concur.