(No. 33139.—

ROBERTS OPTICAL COMPANY, Appellee, *vs.* THE DEPARTMENT OF REGISTRATION AND EDUCATION *et al.,* Appellants.

*Opinion filed October 25, 1954—Rehearing denied Dec. 20, 1954.*

LATHAM CASTLE, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA GROVES, of counsel,) for appellants.

BERNARD M. PESKIN, of Chicago, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Roberts Optical Company filed its complaint in the superior court of Cook County seeking a declaration of the invalidity of section 4 of the Illinois Optometric Act, as amended in 1953, and an injunction restraining the Department of Registration and Education and its Director from enforcing that section. Defendants' motion to dismiss was overruled, and a decree was entered declaring the section invalid and restraining its enforcement. Defendants appeal.

The Illinois Optometric Practice Act, (Ill. Rev. Stat. 1953, chap. 91, pars. 105.1-105.29) was enacted in 1951. Its declaration of purpose states that it is "a matter of public interest and concern that the practice of optometry * * * merit and receive the confidence of the public * * *." The act defines the practice of optometry, estab-

lishes educational requirements for optometrists and provides for their examination and certification by the Department. It regulates the manner in which optometrists may advertise and provides for the suspension or revocation of their certificates, after notice and hearing, for specified misconduct. The validity of the act was sustained against attack on numerous constitutional grounds in *Klein* v. *Department of Registration and Education,* 412 Ill. 75.

The original section 4 provided that nothing in the act should prevent anyone who manufactures or deals in eye glasses or spectacles in a store, shop or other permanently established place of business, and who neither practices nor attempts to practice optometry, from engaging the services of registered optometrists. The 1953 amendment provides: "Nothing contained herein shall prevent any such person, firm or corporation from engaging the services of one or more registered optometrists nor prohibit any such registered optometrist when so engaged, to practice optometry as defined in Section 3 of this Act, when the person, or firm or corporation so conducts his or its business in a permanently established place and in such manner that his or its activities, in any department in which such registered optometrist is engaged, insofar as the practice of optometry is concerned, are in keeping with the limitations imposed upon individual practitioners of optometry by paragraphs (e), (f), (k), (l) (m), (n), (o), (p), (q), and (r) of Section 13 of this Act; provided, that such registered optometrist or optometrists shall not be exempt, by reason of such relationship, from compliance with the provisions of this Act as prescribed for individual practitioners of optometry." The paragraphs of section 13 which are referred to are those which enumerate certain kinds of advertising prohibited to optometrists.

Both the plaintiff and the Department construe this provision as forbidding optometrists from accepting employment by opticians who advertise in a manner forbidden to

the employed optometrist. We accept this construction, particularly because it accords with our interpretation of section 13(r) of the act in the *Klein case.* That section, we there said, was intended "to prevent a registered optometrist from practicing optometry in conjunction with another person, firm or corporation known to be advertising in a manner contrary to the provisions of the Illinois Optometric Practice Act, or otherwise violating the laws of the State of Illinois concerning the practice of optometry." *Klein* v. *Department of Registration and Education,* 412 Ill. 75, 86.

Plaintiff is an Illinois corporation "engaged in business as an optician, manufacturing and dealing in eye glasses and spectacles in a permanently established place of business." Its relation to optometrists and the practice of optometry is thus stated in its complaint: "Plaintiff, in the conduct of its business, employs registered optometrists on its premises. The sole duties of said optometrists are to render professional services to plaintiff's customers. Plaintiff confines its activities solely to the manufacture and dealing in eye-glass lenses and frames in its store, and neither practices nor attempts to practice optometry, nor does it hold itself out as being able to practice optometry. Plaintiff's business is wholly dependent upon retaining upon its premises the services of a registered optometrist for the benefit of its customers, without which services the business of plaintiff would be destroyed and lost to it." The complaint alleges that plaintiff advertises by methods which are prohibited to optometrists under section 13 of the statute.

Plaintiff's first contention is that the amendment to section 4 introduces into the act a subject which is not within its title, in violation of section 13 of article IV of the constitution. The argument is that the provision in question affects opticians, and that "any regulation of an optician must come by way of a separate and distinct law, and any

attempt to regulate in any manner whatsoever any business other than optometry under the Illinois Optometric Practice Act is in derogation of" section 13 of article IV. "It may perhaps become necessary," plaintiff continues, "to regulate others than optometrists, but if such a condition should arise, plaintiff's argument is grounded on the theory that any such regulation should come by way of a separate and distinct act."

The argument is not impressive. If sound, it would cut both ways, and would invalidate the provision in question if it was included in an act regulating opticians, for the regulation of optometrists would not be "by way of a separate and distinct law." The constitution does not command that legislation be so fragmented. The title of this statute is "An Act in relation to the practice of optometry, and to repeal an Act therein named." The act is concerned with optometrists; that concern is expressed in its title. It affects persons other than optometrists, including opticians, only as it regulates their relations with optometrists. In this there is no constitutional defect. A provision which fixes the terms upon which a member of a regulated calling may practice that calling in association with unlicensed persons is not incongruous to the title of an act which expresses its intention to regulate that calling. Cf. *Lasdon* v. *Hallihan,* 377 Ill. 187.

It is next contended that the act violates the equal protection clause of the fourteenth amendment to the constitution of the United States, and is invalid as special legislation under section 22 of article IV of our constitution. It is said that "any classification which restricts the advertising of that optician who does employ an optometrist on the premises, and permits unrestricted advertising for the optician who does not employ an optometrist, constitutes an unreasonable and discriminatory classification * * *." The statement of the proposition is its own refutation, for the employment of optometrists, who, in the language of

the complaint, "are to render professional services to plaintiff's customers" is itself a relevant factual difference, fully sufficient to warrant different legislative treatment.

Plaintiff's final argument is that the section is invalid under the due process clauses of State and Federal constitutions. It is said that the optician is a merchant, or a skilled craftsman, and that "The attempt on the part of the legislature to force the optician to comply with the same rules and regulations as the optometrist clearly infringes upon the right of a merchant to follow his trade, and takes from him the property right guaranteed under the due process clauses * * *."

Here, as in other instances, the General Assembly has concluded that a particular calling is so intimately connected with the public health as to require that those engaged in it shall meet prescribed educational requirements and shall conform to standards designed to guard against commercialization and exploitation. (*Winberry* v. *Hallihan,* 361 Ill. 121.) The power of the legislature to regulate advertising practices does not depend upon whether plaintiff's occupation is called a trade or a profession, but upon whether it is of such a character that commercialized exploitation might endanger the public health. What was said in rejecting a similar contention advanced by operators of dental laboratories who advertised the sale of dentures is applicable here: "Appellants claim they have a constitutional right to advertise their business and sell their products to the public, subject only that the making of the impressions and the fitting and adjustment of the plates shall be by a licensed dentist. It is obvious that if they were permitted to thus advertise their business, the practice of the profession of dentistry would, to a great degree, be subservient to the business of those engaged in the making of plates. It is well known that masses of the public do not comprehend or understand the skill that is necessary to the making of proper dentures and the proper charges to

be made for such services. Such persons are often attracted by the advertisements of the quack and charlatan and seek his services." *Lasdon* v. *Hallihan,* 377 Ill. 187, 194-195.

The statutory provision here involved is reasonably related to a proper legislative concern, "that the practice of optometry  \*  \*  \*  merit and receive the confidence of the public  \*  \*  \*." It does not offend due process.

The decree of the superior court must therefore be reversed and the cause remanded, with directions to sustain the motion to dismiss.

*Reversed and remanded, with directions.*