(No. 26387.—

A. A. DUBIN, Appellee, *vs.* THE DEPARTMENT OF REGISTRATION AND EDUCATION, Appellant.

*Opinion filed May 13, 1942.*

GEORGE F. BARRETT, Attorney General, (ALBERT E. HALLETT, of counsel,) for appellant.

BRANOWER & KORNFELD, (ALVIN KORNFELD, of counsel,) for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

A complaint was filed against appellee, A. A. Dubin, charging him with improper and unprofessional and dishonorable conduct in the practice of dentistry. The complaint was referred to an examining committee of the Department of Registration and Education of the State of Illinois, and at a hearing numerous witnesses were sworn and examined. After an amended complaint had been filed a report was made by the examining committee recommending the license of appellee be revoked. The latter filed a motion for rehearing, which was denied, and the Director of the Department of Registration and Education of the State of Illinois entered an order revoking the license of the said A. A. Dubin to practice dentistry in the State of Illinois. Appellee then filed a petition for writ of *certiorari* to the circuit court of Cook county, and the Department made a return to the writ by producing the evidence and proceedings before the examining committee and the Department. Upon a hearing the circuit court quashed the return. Under the provisions of section 7-h of the Dental Practice act (Ill. Rev. Stat. 1939, chap. 91, par. 62h) the Department of Education and Registration appeals directly to this court.

In the motion for rehearing Dubin set forth twenty-seven specific grounds of error on the part of the Department in the conduct of his hearing, covering questions of both law and fact, and raised not only the sufficiency of the complaint and the competency of the evidence, but the constitutionality of the statute. There is nothing in the order of the circuit court indicating whether the return was quashed upon a question of fact or a question of law, or upon any point raised in the motion for rehearing.

Appellant argues no other question than that the court erred in holding the facts set out in the return insufficient

to support the order. The appellee on the other hand principally urges legal objections based upon the incompetency of evidence, and the alleged invalid provisions of the Dental Practice act. Nor is there anything in the record to show either appellee or appellant requested the court for a specific ruling on any of the many issues raised by appellee in his motion for rehearing.

Among the pertinent provisions of the Dental Practice act, section 3-a provides the Department of Registration and Education may conduct hearings to determine whether a license should be suspended or revoked, which it may do by a committee appointed by the Director to take action and report to the Department. The statute provides twelve grounds upon which a license may be suspended or revoked (Ill. Rev. Stat. 1939, chap. 91, par. 62); and upon a complaint being made to the Department the Director may refer such complaint to an examining committee for a report (par. 62); after a hearing is had the committee reports to the Department (par. 62d); and if adverse, the respondent has a right to make a motion for a rehearing, which, if denied, authorizes the Department to issue an order of revocation or suspension. Section 7-f (par. 62f) provides "the circuit or superior court of the county wherein the accused person resides shall have power to review any order of revocation or suspension and all questions of law and fact thereon by writ of *certiorari* to the Department. * * * No Department order of suspension or revocation shall be set aside or vacated on any ground not specified in the written motion for rehearing provided in this act." Section 7-h (par. 62h) provides for an appeal from all such final orders and judgments entered by a circuit court or a superior court to the Supreme Court, and the appeal "shall be governed by the rules applying to other civil cases, * * * except that formal pleadings shall not be required."

The proceeding for review by the circuit court is designated by the statute as *certiorari*. It is not, however, a

common law *certiorari,* where the record only may be looked into and from the record alone determine if illegality or want of jurisdiction appears. (*Jarman* v. *Board of Review,* 345 Ill. 248; *People ex rel. Nelson Bros. Co.* v. *Fisher,* 373 id. 228; *People ex rel. Munn* v. *McGoorty,* 270 id. 610.) The proceeding is therefore what is termed a statutory *certiorari.* The proceedings for review of hearings affecting the right to practice dentistry, as well as five other occupations or professions coming under the Medical Practice act, were enacted in 1935, and all contain provisions identical with those in the Dental Practice act. The proceeding being a statutory *certiorari* can be exercised only to the extent and in the manner specified by the statute. (*Brotherhood of Railroad Trainmen* v. *Elgin, Joliet and Eastern Railway Co.* 374 Ill. 60.) The proceeding being one authorized by statute, and not existing at common law, the procedure provided for review by the statute is exclusive and it must be strictly followed. *Freeport Motor Casualty Co.* v. *Madden,* 354 Ill. 486.

The statute in this case provides for a review of questions of law and fact, and also that said review shall be confined to the points raised in the motion for rehearing. Under this authority the circuit court may examine the entire record and decide (a) that the facts are insufficient; or (b) the proceeding is illegal because of some question of law; or (c) that the proceeding is irregular about both law and fact. The court, however, does not have the unlimited right to review all questions of law and fact, but only those pointed out to the Department in the motion for rehearing.

There is nothing in this record which indicates the ground upon which the court entered its order. All that appears is the order: "It is ordered that the return of the said writ of *certiorari* herein be and it is hereby quashed." Neither counsel for appellant nor appellee gives us any in-

formation as to the ground upon which the order of the circuit court was entered. Appellant seems to believe, judging from the tenor of its argument, the circuit court decided the facts were insufficient; on the other hand appellee seems to believe the court decided the case upon questions of law, but neither side can or does say that the matter was decided solely upon questions raised in the motion for rehearing.

It was not the purpose of the legislature to submit to the Supreme Court on appeal as a trial *de novo* upon the record, all questions contained in a hearing for the revocation of a dental license. The intention to be gathered from the statute is that, when an examining committee has heard the testimony, issues of law or fact should be made up by the motion for rehearing, which would point out the specific grounds for which the recommendation of the examining board should be set aside. The nature of such a hearing, conducted as the statute provides by non-legal members, may permit matters to appear in the testimony which would be questionable as evidence, and it is also necessary the provisions of the statute be strictly followed. Hence, before final action is taken, a motion for rehearing is permitted, pointing out all matters of fact and law objected to, and a review by court is limited to questions raised by the motion. This presents and points out a method of forming an issue, and if an issue is not so presented, the proceeding being statutory, the judgment would be irregular. It is a basic principle of procedure that what is not juridically presented cannot be judicially decided. (*Lyons* v. *Kanter*, 285 Ill. 336; *Indiana Harbor Belt Railroad* v. *Green*, 289 id. 81; *Gompers* v. *Bucks-Stove Co.* 221 U. S. 418; *Vicksburg* v. *Henson*, 231 id. 259.) In *Cobe* v. *Guyer*, 237 Ill. 516, we said: "It is true that in the exercise of special powers conferred by statute and not exercised according to the course of the common law a

court of general jurisdiction does not differ from a court of limited and special jurisdiction, and that nothing will be presumed to be within the jurisdiction which does not dictinctly appear to be so. The jurisdiction in such cases, both as to the subject matter and as to the persons to be affected by it, must appear by the record. The rule is laid down in many decisions." *Spring Creek Drainage District* v. *Highway Comrs.* 238 Ill. 521; *Musselman* v. *Paragnik,* 317 id. 597.

It appears that this statute limited the questions to be decided by a court to those of law and fact pointed out in the motion for rehearing, and this necessarily requires that the trial judge indicate in his judgment some one or more of the reasons pointed out in the motion for rehearing as the basis for the quashing of the writ or the return. That does not appear in this case. The record presented here consists of more than 1500 pages, and the motion for rehearing, counting subdivisions, contains over 35 points upon which the proceedings of the Department are claimed to have been erroneous. . It surely was not the intent of the legislature that a record of all proceedings in such a case as this should be filed in this court, and leave undisclosed upon what ground the judgment of the circuit court was based and whether the ground, if sufficient, was contained within the motion for rehearing. It is our conclusion the form of judgment entered by the circuit court is the proper kind to be entered in a *certiorari* proceeding, (*People* v. *Fisher, supra; Hoffman* v. *Department of Finance,* 374 Ill. 494,) but, owing to the special provision of the statute under consideration, it is necessary for the judgment to show the court, acting under a special statute, had jurisdiction, by finding it was based upon some point set out in the motion for rehearing, whether of law or fact, or both.

It is our conclusion the judgment of the circuit court in this case does not show the requisite matters to enable

us to decide this appeal, and the cause is therefore reversed and remanded to the circuit court of Cook county, with directions to enter a judgment in conformity with the statute, as pointed out herein.

*Reversed and remanded.*