(No. 28559.—

HARRY L. BASFORD *et al.,* Appellants, *vs.* THE DEPART-. MENT OF REGISTRATION AND EDUCATION *et al.,* Appellees.

*Opinion filed May 23, 1945—Rehearing denied September 17, 1945.*

James W. Breen, of Chicago, for appellants.

George F. Barrett, Attorney General, (William C. Wines, and Stephen M. Fleming, both of Chicago, of counsel,) for appellees.

Mr. Justice Smith delivered the opinion of the court:

Appellants were licensed to practice dentistry in the State of Illinois. Separate complaints were filed with the Department of Registration and Education against each of them, charging violations of the Dental Practice Act. Upon a hearing before a dental committee, appointed by the Director, the complaints were consolidated and heard as one case. Appellants were found guilty by the committee. The findings of the committee were approved by the Director. Appellants' licenses to practice dentistry were revoked. The case was removed to the circuit court of Cook county by *certiorari,* as provided in the act. Upon a hearing in the circuit court, the writ was quashed. The action of the Director in revoking the licenses of appellants to practice dentistry was confirmed. The case is here on appeal under section 7-h of the Dental Practice Act. Ill. Rev. Stat. 1943, chap. 91, par. 62h.

The record shows that at various locations in the city of Chicago, there were conducted certain so-called "A.A.A. Health Centers." These "Health Centers" were occupied by A.A.A. Eye-Glass Company, A.A.A. Dental Labora-

tories, Inc., and one or more dentists. Appellant Basford owned and managed the dental office in each of the health centers. Appellants Walker, Horwitz, and Buerstetta, all of whom were licensed dentists, were employees of Basford, and each conducted a dental office in one of the health centers, under the direction and management of Basford. In each of the six so-called health centers involved in this case, there was a central entrance or doorway with display windows on each side of the entrance. The window on one side was used for the display of glasses by the eyeglass company. The other window was used by A.A.A. Dental Laboratories, Inc., for the display of dentures, pictures of dentures, pictures of smiling women, and signs giving the prices of the dentures. There was also displayed in the window a large sign reading, "AAA Dental Laboratories." The A.A.A. Dental Laboratories, Inc., carried on an advertising campaign in the metropolitan press of Chicago.

In each health center a receptionist was employed jointly by the eyeglass company, A.A.A. Dental Laboratories, Inc., and Basford. All three contributed to her salary. On the front door the words, "AAA Health Center" appeared on the top half of the glass. Below was the name of a registered optometrist, the name "Dr. Basford," and the name of the dentist in charge of that particular dental office. Appellant Basford's name appeared on all of the doors. He testified that he was operating all of the dental offices in the health centers. The name of each other appellant, assigned to the particular health center, appeared only on the door of the health center in which he was engaged in the practice of dentistry.

The charge in the complaint against each of the appellants was that the appellant named in the complaint was guilty of improper, unprofessional and dishonorable conduct in that he practiced dentistry in an office on premises where dental work and posters were exhibited, calling attention of the public to the fact that the appellant named in

each complaint was engaged in the practice of dentistry in the health center; that he was professionally connected and associated with A.A.A. Dental Laboratories, Inc., a corporation holding itself out and offering prosthetic appliances and the services rendered in the construction thereof for sale to the public. The complaint in each case further charged that the said A.A.A. Dental Laboratories, Inc., advertised prices or fees for dental materials used and dental services rendered, and that said corporation furnished, supplied, constructed and offered to furnish, supply and construct, prosthetic appliances to users or prospective users thereof.

The record shows that the receptionist in each of the health centers acted as such for the eyeglass company, the dentist and the A.A.A. Dental Laboratories, Inc.; that among her duties for Dental Laboratories, Inc., was the sale of dentures and entering into contracts with the public for the sale of dentures. When a person interested in the purchase of dental plates entered one of these health centers, in response to an ad or otherwise, the usual procedure was for the receptionist to take him into a booth called a salesroom. There, samples of dentures were shown to the prospect, prices quoted and the advantages of the more expensive plates pointed out. After a sale was finally made and a contract for the purchase of the dentures entered into, the matter of procuring an impression by a licensed dentist was then suggested by the receptionist. The testimony offered on behalf of the department shows that after the denture was sold, the receptionist would direct the buyer to a dentist on the premises for an impression, without any discussion on the subject. The record justifies the conclusion that this was the practice followed in, at least, some cases. Appellants deny this. They claim that the buyer was informed that an impression by a licensed dentist was required and that the buyer was told that he could select his own dentist.

After the impression was obtained, the A.A.A. Dental Laboratories, Inc., would send it to A.A.A. Dental Laboratories, a partnership and a separate and distinct organization from the A.A.A. Dental Laboratories, Inc. The partnership would then construct the plate. The plates were not made by the corporation. They were made by the partnership. The plate was then returned to the corporation at the health center from which it was ordered, and the dentist would fit and adjust it in the mouth of the patient. The money for both the plate and the impression was paid to the receptionist at the time the sale was made. She would give a receipt on behalf of the dentist for the impression and a receipt on behalf of the Dental Laboratories, Inc., for the denture purchased. The receptionist collected and handled all the money paid by the customer, or patient. The standard charge of the health centers for the impression, which included fitting and adjusting, was $5. The prices of the dentures vary.

Appellant Basford testified that he could not give an estimate of how many impressions a day he would take. "It is up and down. As fast as the girls sell them, I take the impression." He further testified that he had nothing to do with the patients at all, that they were not his patients; that he takes the impressions for the A.A.A., Incorporated; that he takes "the impression because the A.A.A. Laboratory needs one." He further testified that he did some dental work on his own account, not connected with the laboratory; that the fee of $5 for taking the impression is charged only to the patients of the A.A.A. Laboratories, Inc. For his own patients he made a higher charge. Similar testimony was given by the other appellants. As already observed, A.A.A. Dental Laboratories, Inc., does not make the dentures. It simply sells them to the public.

In order to determine the character of the business engaged in by A.A.A. Dental Laboratories, Inc., it is only

necessary to refer to exhibits in the record. These exhibits are designated in the record as consolidated exhibit 15. One of the advertisements published by A.A.A. Dental Laboratories, Inc., in the metropolitan press, shown by this exhibit, reads, "World's Largest Makers of False Teeth with a Money-Back Guarantee of Satisfaction! * * * Over 100,000 Satisfied Customers Can't Be Wrong! Repairs, One Day Service! Free Estimates." Then follow the addresses of seven locations, including those involved in this case. At the bottom appears the words "AAA Dental Laboratories, Inc." The ad also contains the words "We make Dentures upon receipt of impressions and orders from Ill. Dentists only."

It is contended by appellants that selling the dental plates to the persons ordering them after they have been made and fitted, as above indicated, is a dental practice exempt from the operation of the act, and that such sales and deliveries are legal. This contention is based upon *Winner* v. *Kadow,* 373 Ill. 192. That case was a suit on a note given for a dental plate. The defense was that the appellant in that case, who was the payee in the note, was not a licensed dentist. The facts showed that he was the owner of a dental laboratory making and selling dental plates to users who had employed a licensed dentist to take the impression and to fit and adjust the plates. It was there held that the transaction was exempted from the operation of the act under subparagraph (f) of section 5. We do not, however, regard the facts in that case as parallel with the facts in this case, or that case as controlling here.

Subsection (9) of section 5 of the Dental Practice Act provides that a person practices dentistry, within the meaning of the act, "Who furnishes, supplies, constructs, reproduces or repairs, or offers to furnish, supply, construct, reproduce or repair prosthetic dentures (sometimes known as 'plates,') bridges or other substitutes for natural teeth, to the user or prospective user thereof." Section 5 further

provides: "The fact that any person engages in or performs or offers to engage in or perform, any of the practices, acts, or operation, set forth in this section, shall be prima facie evidence that such person is engaged in the practice of dentistry."

Here, A.A.A. Dental Laboratories, Inc., was not engaged in the manufacture of dentures, as was the appellant in the *Winner case*. It was simply engaged in furnishing and selling dentures to the public, which were manufactured by the partnership. At each location where A.A.A. Dental Laboratories, Inc., carried on its business, it provided, as a part of the organization constituting the health center, a dentist by whom the impressions were taken, unless the patient indicated he desired to have another dentist of his own selection take the impression. The patients were not the patients of the dentist, they were the patients of the corporation. All the financial arrangements were made with the receptionist as the agent of the corporation. The purchaser never saw the dentist until after he had purchased the dentures from the corporation. His visit to the dentist, under the direction of the agent of the corporation, was only an incident in the transaction between the purchaser and the corporation. The impressions were taken by the dentist, not for the patient, but for the corporation, at a fixed standard fee, which was collected by the agent of the corporation and by it paid over to the dentist.

The facts in this case are quite similar to the facts in *Lasdon* v. *Hallihan*, 377 Ill. 187. That was a suit to enjoin the enforcement of the penalty sections of the Dental Practice Act. It was there said: "Appellants claim they have a constitutional right to advertise their business and sell their products to the public, subject only that the making of the impressions and the fitting and adjustment of the plates shall be by a licensed dentist. It is obvious that if they were permitted to thus advertise their business, the practice of the profession of dentistry would, to a great

degree, be subservient to the business of those engaged in the making of plates. It is well known that masses of the public do not comprehend or understand the skill that is necessary to the making of proper dentures and the proper charges to be made for such services. Such persons are often attracted by the advertisements of the quack and charlatan and seek his services."

Under the authority of that case, A.A.A. Dental Laboratories, Inc., was clearly engaged in the practice of dentistry, as defined in section 5 of the Dental Practice Act. It advertised in the public press in violation of section 18b (Ill. Rev. Stat. 1943, chap. 91, par. 72b,) which provides that it shall be unlawful for any person, firm or corporation to advertise any amount as a price or fee for services of any person engaged as principal or agent in the practice of dentistry, or any materials used or to be used, or to exhibit or use specimens of dental work, posters, or other media calling the attention of the public to any person engaged in the practice of dentistry. The validity of section 18b was sustained by this court in *Winberry* v. *Hallihan,* 361 Ill. 121.

In several of the ads contained in the exhibit the prices of dentures were given in bold figures. As already observed, the display windows at the entrances to the health centers contained dentures, advertising posters of dentures, and the prices of such dentures. These display windows must be considered in connection with the entrances to the health centers, where the names of appellants appeared on the doors as the names of those engaged in the practice of dentistry in such health centers. This was certainly advertising dentures and the prices therefor in connection with the names of appellants, who were the dentists engaged in the rooms of which the display windows were a part.

In *Lasdon* v. *Hallihan,* 377 Ill. 187, we said: "If the advertisement carried on by the dental laboratories was

the medium that brought the customer to the laboratory, and he was sent from there to Dr. Hejna's office, it would, as to its effect upon the dental profession, be much the same as though he had come to Dr. Hejna's office in answer to an advertisement of Dr. Hejna's which is prohibited by sections 18 and 18b of the act. If the restrictions of which appellants complain were removed, it would permit licensed dentists receiving patients referred to them by the dental laboratories to do indirectly what other provisions of the act prohibit them from doing directly."

The facts in this case clearly show that A.A.A. Dental Laboratories, Inc., a corporation, was unlawfully engaged in the practice of dentistry as defined in section 5 of the act, and that it advertised in violation of the provisions of section 18b. The record further shows that appellants were professionally connected and associated with said corporation in violation of the act.

The record further shows that appellants were guilty of improper and unprofessional conduct in maintaining their offices and engaging in the practice of dentistry on the premises where dentures and posters pertaining to dentistry were unlawfully displayed and exhibited in the front windows, in violation of said section 18b of the act. As a matter of fact, this charge is not denied. As said in the *Lasdon case,* if the advertisement of the A.A.A. Dental Laboratories, Inc., was the medium that brought the patients to the health centers and they were then sent to appellants, the effect upon the dental profession would be the same as if the patients had come to the offices of appellants as a result of like advertisements published by appellants. The record shows that the whole scheme was a deliberate effort to evade the restrictions on advertising prescribed by the Dental Practice Act.

The circuit court did not err in quashing the writ. The judgment is affirmed.                    *Judgment affirmed.*