276

A. A. DUBIN, Appellee, vs. THE DEPARTMENT OF REGIS-
TRATION AND EDUCATION, Appellant.

*Opinion filed January 22, 1947—Rehearing denied March 17, 1947.*

GEORGE F. BARRETT, Attorney General, (ALBERT E.
HALLETT, of Chicago, of counsel,) for appellant.

BRANOWER & KORNFIELD, and GEOFFREY LEVINSON, (ALVIN KORNFIELD, of counsel,) all of Chicago, for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

At a previous term of this court, in cause No. 26387, this case was heard on direct appeal from a judgment entered in the circuit court of Cook county. As was more fully stated in the opinion in that cause, a complaint was filed against appellee, A. A. Dubin, charging him with improper, unprofessional and dishonorable conduct in the practice of dentistry. A hearing was had before an examining committee of the Department of Registration and Education which resulted in a recommendation that the license of appellee be revoked. After a petition for rehearing had been overruled the appellee filed a petition for writ of *certiorari* to the circuit court of Cook county, to which the Department duly filed a return. Upon a hearing, the circuit court quashed the return and the Department appealed. This court reversed the order quashing the return for the reason that it did not indicate or specify the grounds upon which it was based, as required by statute, and remanded the case with directions to enter a new judgment in conformity with the statute. (*Dubin* v. *Department of Registration and Education,* 380 Ill. 57.) Being a statutory *certiorari* proceeding, it was there held that it is necessary for the judgment to show the court had jurisdiction by finding it was based upon some point set out in the motion for rehearing, whether of law or fact, or both.

After remandment, the circuit court, on January 15, 1945, entered a new order again quashing the Department's return to the writ, specifying in detail the grounds upon which the judgment was based, from which order the Department prosecutes this second appeal. By stipulation, and under an order entered by this court on May 9, 1945,

the original record, as filed in case No. 26387, has been refiled in this case, supplemented by a transcript of the proceedings had in the circuit court after the remandment in the earlier appeal.

The appeal is taken under the provisions of section 7-h of the Dental Practice Act, (Ill. Rev. Stat. 1939, chap. 91, par. 62h,) and on the additional ground that the constitutionality of section 7-d of the same act is necessarily involved.

The amended complaint charged the appellee with carrying on certain direct advertising during the year 1936, in violation of the provisions of 18b of the Dental Practice Act; with practicing dentistry under the name of "Madison Dental Laboratory" in the year 1939, in violation of certain provisions of section 18 of the said Dental Practice Act; and with practicing dentistry in the year 1939 in offices where dental services were then and there being contracted for and rendered in violation of certain other provisions of said section 18.

In his petition for rehearing, filed with the Department, appellee raised some 27 alleged errors in support of his motion, challenging the authority of the committee to act, errors in the procedure, the sufficiency of the evidence, the constitutionality of the Dental Practice Act, and pleading *res judicata* to so much of the complaint as charged offenses during the year 1936. The circuit court found the issues for the appellee, and, as above stated, specified the grounds upon which its decision was based, which contained all the questions discussed in this opinion.

Some of the most serious charges against appellee are contained in sections 2(b) and 2(e) of the amended complaint. There it is alleged that the appellee on September 10, 1936, violated the statutory provisions against direct advertising. The charges are set forth in detail and, if proved, would no doubt constitute grounds for revocation of license.

It is contended, however, by the appellee that on September 21, 1938, offenses charged in the exact language of the present complaint resulted in an order of revocation by the Department; that the proceedings were reviewed by the circuit court of Cook county on *certiorari* and the order of revocation vacated and set aside; that no appeal was taken from that order of the circuit court and it, therefore, became final and is *res judicata* and a bar to any further proceedings between the same parties involving the same subject matter. This defense is set up by way of pleading in paragraph 13(d) of appellee's petition for rehearing filed with the Department on June 27, 1940, and is set forth as one of the grounds upon which the circuit court based its finding, designated as 1(d) in the judgment order entered by that court on January 15, 1945. It is asserted in the briefs and not denied that during the hearings before the special committee of the Department the appellee objected to any evidence concerning violations in the year 1936, because of the bar created by the adjudication of the former suit, and such evidence was admitted over his objection. It is the contention of the Department that this was not sufficient to show what was determined in the earlier case or in what way the matters there adjudicated are common to the present action.

We believe that in this statutory proceeding the action of the appellee amounted to a plea of former adjudication and when the circuit court quashed the Department's return to the writ of *certiorari,* this was a judgment of a court of competent jurisdiction and was final as to all matters litigated between the parties. The rules applicable to the doctrine of former adjudication have been clearly defined by this court in many cases. In the recent case of *City of Elmhurst* v. *Kegerreis,* 392 Ill. 195, we said: "The rule deducible from the decisions of this and other courts on the subject of former adjudication and estoppel by verdict

is that if the first suit was between the same parties and involved the same cause of action, the judgment in the former suit is conclusive, not only as to all questions actually decided but as to all questions which might properly have been litigated and determined in that action."

The record in this case discloses that the former suit was brought for the same purpose as the present proceeding, both seeking to revoke the license of the appellee to practice dentistry and, so far as the year 1936 was concerned, relying on the identical charges of violations of the Illinois Dental Practice Act. The inclusion of those charges in the present suit was an attempt to relitigate questions settled by a court of competent jurisdiction. There being an identity of parties and cause of action in the two suits, the former judgment operates as a bar to the alleged violations occurring during the year 1936.

The complaint further charges that appellee, beginning in February, 1939, and continuing until about the first of December, 1939, practiced dentistry under the name, "Madison Dental Laboratory," in violation of section 18 of the Dental Practice Act, which in part provides: "It shall be unlawful for any person or persons to practice dentistry under the name of a corporation, company, association or trade name; or under any name except his or her own proper name, which shall be the name used in his or her license as issued by the Department of Registration and Education; * * *."

Prior to 1939, appellee in his own name had owned and operated a main dental office at 84 West Madison Street, Chicago, where laboratory work on dentures was performed, and some six local or branch offices. It is alleged that in February, 1939, the additional name, "Madison Dental Laboratory" also appeared in said main office and in each of the branch offices. Throughout the greater part of the year 1939, the Madison Dental Laboratory put out a large number of "pluggers" and indulged in extensive

newspaper advertising, soliciting customers for dentures at the main and branch offices. Contracts were entered into daily between the laboratory and customers, involving the manufacture and sale of prosthetic dentures to the purchaser. It is the claim of the Department that appellee made little, if any, distinction between himself and the "Madison Dental Laboratory;" that the "Madison Dental Laboratory" was not a separate entity at all but merely a name under which the appellee practiced dentistry during the year 1939 in order to evade the restrictions placed upon advertising by the Dental Practice Act. The appellee insists that the "Madison Dental Laboratory" was a separate organization owned and controlled entirely by Mrs. A. Katz, a sister of appellee, and her husband, and that he never practiced dentistry under that name.

The proofs are voluminous, both in the number of witnesses and exhibits, but a summary of the evidence discloses the following situation. Outside of the charges occurring during the year 1936, it is shown that in 1939, the appellee, A. A. Dubin, operated six separate dental offices in various locations in and about the city of Chicago, outside of the main office at 84 West Madison Street. Leases to these offices were all procured in the name of A. A. Dubin. In the branch offices the quarters consisted generally of a small reception room on the second floor and a small dental office. There was no dental laboratory located in any one of the six branch offices. The door on the first floor leading to the stairway contained the name, "A. A. Dubin, Dentist," as well as the name, "Madison Dental Laboratory." The office door bore about the same announcement of both Dr. Dubin and the Madison Dental Laboratory. On the windows appeared the name, "A. A. Dubin, Dentist." In each outer office there was a receptionist who looked after the business records of both the dentist and the dental laboratory. At 84 West Madison Street, Dr. Dubin had his principal office. It was

also the main office of the Madison Dental Laboratory and a dental laboratory was there in operation. Mrs. Katz, sister of appellee, testified that she had been in the employ of Dr. Dubin prior to 1939. In February of that year she purchased the equipment and she and her husband operated the laboratory. She had no written leases for the office space occupied by her or for any equipment or space used by the dental laboratory, but paid Dr. Dubin a monthly rental. She stated that she employed girls to work at the branch offices and that she paid the men who worked in the dental laboratory; that Dr. Dubin never received any money from the proceeds of work for the dental laboratory. The Madison Dental Laboratory was closed January 1, 1940. In all the offices persons desiring dental plates would first contact the receptionist who would make the sale and then direct the buyer to the dentist on the premises for an impression. The receptionist would give a receipt on behalf of the dentist for money paid for the impression and a receipt on behalf of the laboratory for the denture.

The appellee asserts that his interest in the Madison Dental Laboratory was only that of a brother interested in helping his sister in a business enterprise. However, upon a reading of the record one cannot help being impressed that Dr. Dubin was the dominating factor in the affairs of the dental laboratory. He personally ordered much of the advertising for the laboratory and in some instances paid for the same. He personally employed dental mechanics for the dental laboratory and on occasion fired a number of them.

Some of these alleged offenses continued up until October 19, 1939, and subsequent to the amendment to section 5 of the Dental Practice Act, adopted July 26, 1939.

The same employees were performing services for both Dr. Dubin and the Madison Dental Laboratory and their duties were so confused and intermingled that it was hard

to distinguish which was the employer. A reading of the testimony of the bookkeeper, Gerald Francis Minnus, affords a good illustration of how great the confusion really was. Even the cash for both Dr. Dubin and the Madison Dental Laboratory was kept in the same drawer in the main office. Some of the witnesses testified they came to the office through the publicity given through such advertising. In some cases the selection of plates or dentures by the prospective purchaser was made from a large display case located in the main office, and sometimes customers who came to 84 West Madison Street in answer to the advertising made by the dental laboratory were waited upon personally by Dr. Dubin. There can be no doubt from this record but what Dr. Dubin benefited substantially from the advertising of the Madison Dental Laboratory.

In *Lasdon* v. *Hallihan*, 377 Ill. 187, under similar circumstances, we said: "If the advertisement carried on by the dental laboratories was the medium that brought the customer to the laboratory, and he was sent from there to Dr. Hejna's office, it would, as to its effect upon the dental profession, be much the same as though he had come to Dr. Hejna's office in answer to an advertisement of Dr. Hejna's, which is prohibited by section 18 and 18b of the act. If the restrictions of which appellants complain were removed, it would permit licensed dentists receiving patients referred to them by the dental laboratories to do indirectly what other provisions of the act prohibit them from doing directly."

In principle, we cannot distinguish the conduct of Dr. Dubin in this case from that exhibited in the *Lasdon case* or in *Basford* v. *Department of Registration and Education*, 390 Ill. 601. The manner and character of carrying on the practice of dentistry by Dr. Dubin was a violation of the strict provisions of section 18 forbidding the practice of dentistry under the name of a corporation, company, association or trade name.

Section 7 of the act provides in part that the Department may revoke or suspend a license when the licensee is found guilty of practicing "under a name other than his or her own, or for any other improper, unprofessional or dishonorable conduct."

It is obvious that the punishment by way of fine administered to respondent in a former case and the warnings contained in that opinion did not accomplish the desired result. *People* v. *Dubin,* 367 Ill. 299.

The appellee complains that the provisions of section 7-d of the Illinois Dental Practice Act provide that upon the suspension or revocation of a license it must be immediately surrendered by the holder to the Department, and on failure to do so the Department shall have the right to seize the same; that, consequently, the right to practice dentistry is thereby terminated and, pending judicial review of the order of revocation, further practice of dentistry is prohibited, unless a stay is obtained from the reviewing court. Section 7-i of the same act provides that the pendency of an appeal or writ of *certiorari* shall not of itself stay or suspend the operation of an order of revocation. The section gives the reviewing court discretion to stay the effect of the order of revocation pending judicial review but provides, "No such stay shall be granted by the court otherwise than upon ten days' notice to the department and after a hearing."

It is stated by appellee that during such ten-day period, the person whose license has been revoked is barred from practicing his profession, and is thereby denied due process of law.

We do not find that this contention was ever presented or passed upon by the court below, nor was it specified in the written motion for rehearing before the Department. Neither was it mentioned by the trial court as grounds for quashing the return. Section 7-f of the act provides, "No department order of suspension or revocation shall

be set aside or vacated on any ground not specified in the written motion for rehearing provided in this Act." In *Dubin* v. *Department of Registration and Education,* 380 Ill. 57, we said: "The court, however, does not have the unlimited right to review all questions of law and fact, but only those pointed out to the Department in the motion for rehearing."

The defense above outlined is not, therefore, available to the appellee on this appeal. The order and judgment of the circuit court of Cook county quashing the Department's return to the writ of *certiorari* is reversed and the cause remanded to that court with directions to quash the writ of *certiorari.*

*Reversed and remanded, with directions.*