(No. 32336.—

H. H. SKOLNICK, Appellee, *vs.* THE DEPARTMENT OF REGISTRATION AND EDUCATION OF THE STATE OF ILLINOIS, Appellant.

*Opinion filed June 4, 1952.*

IVAN A. ELLIOTT, Attorney General, of Springfield, (WILLIAM C. WINES, and JOHN T. COBURN, of counsel,) for appellant.

VICTOR P. MICHEL, of Peoria, for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

A complaint was filed against appellee, H. H. Skolnick, on July 10, 1946, charging him with improper, unprofessional and dishonorable conduct and the commission of certain acts and offenses set forth in section 7 of the Dental Practice Act, (Ill. Rev. Stat. 1945, chap. 91, par. 62,) in his practice of dentistry. Pursuant to notices issued August 20, 1946, and August 26, 1946, a hearing was held before the Dental Committee, where witnesses were sworn and examined. The complaint had been referred to this committee by the Department of Registration and Education of the State of Illinois. A report was made by the committee recommending that the license of appellee be revoked. Appellee filed a motion for rehearing specifying therein nine grounds for the granting of same. On July 13, 1948,

the Director of the Department of Registration and Education entered orders denying the motion for rehearing and revoking the license of said H. H. Skolnick to practice dentistry in the State of Illinois. On July 15, 1948, appellee filed a verified petition for writ of *certiorari* in the circuit court of Peoria county. The circuit court issued a writ of *certiorari* to the Department of Registration and Education, following which it ordered a transcript of the full and complete record of all proceedings had in this cause, the complaint, record of testimony and evidence, exhibits, orders, petition for rehearing, etc. The Department of Registration and Education then filed a motion to quash the writ of *certiorari*. The circuit judge on November 11, 1951, entered a judgment order stating, "This cause having come on to be heard on the motion of the respondent to quash the writ of certiorari and to affirm the decision of the respondent; and the decision having been taken under advisement with briefs to be submitted by respective parties; and the last briefs having been submitted on October 2, 1951, and the Court now being fully advised in the premises, does hereby overrule the motion of the respondent to quash the writ of certiorari and does reverse and set aside the decision and finding of respondent and orders that same be held for naught."

The provisions of the Administrative Review Act were made applicable to proceedings under the Dental Practice Act instituted on or after January 1, 1950. (Ill. Rev. Stat. 1951, chap. 91, par. 62f.) This proceeding was instituted in the circuit court in 1948, hence it is governed only by the provisions for review contained in the Dental Practice Act. Ill. Rev. Stat. 1947, chap. 91, par. 62f.

The statute provides seventeen grounds upon which a license may be suspended or revoked (Ill. Rev. Stat. 1947, chap. 91, par. 62); and, upon complaint being made by or to the Department of Registration and Education, the

Director may refer such complaint to an examining committee for a report, (par. 62;) after a hearing is had the committee reports to the Director, (par. 62d;) and if adverse, the accused person has a right to make a motion for a rehearing, which, if denied, authorizes the Director to issue an order of revocation or suspension. It is provided (par. 62f) that "the circuit or superior court of the county wherein the accused person resides shall have power to review any order of revocation or suspension and all questions of law and fact thereon by writ of certiorari to the Department, * * *. No department order of suspension or revocation shall be set aside or vacated on any ground not specified in the written motion for rehearing provided in this Act." Appeal from all such final orders and judgments entered by a circuit or superior court is directly to the Supreme Court (par. 62h).

The proceeding for review by the circuit court is designated by the statute as *certiorari*. It is not, however, a common law *certiorari*, but is what is termed a statutory *certiorari*. The proceeding, being a statutory *certiorari*, can be exercised only to the extent and in the manner specified by the statute. Being thus authorized by statute, and not existing at common law, the procedure provided for review by the statute is exclusive and it must be followed. *Dubin* v. *Department of Registration and Education*, 380 Ill. 57.

The statute here referred to limited the questions to be decided by a court to those of law and fact pointed out in the motion for rehearing, and this necessarily required that the trial judge indicate in his judgment some one or more of the reasons pointed out in the motion for rehearing as the basis for the quashing of the writ or the return. (*Dubin* v. *Department of Registration and Education*, 380 Ill. 57.) The judgment entered by this circuit court failed to set forth the reason or reasons pointed out in the petition for rehearing on which he bases his determination.

While the form of the judgment entered here is the proper kind to be entered in a *certiorari* proceeding, owing to the special provision of the statute under consideration, it is necessary under this special statute to show the court had jurisdiction by finding it was based on some point set out in the motion for rehearing.

The judgment of the circuit court does not show the requisite matters to enable us to decide this appeal, and the judgment is therefore reversed and the cause remanded to the circuit court of Peoria County, with directions to enter a judgment in conformity with the statute.

*Reversed and remanded, with directions.*