(No. 35874.—

EUGENE E. CORDAK, d/b/a A B Dental Plate Laboratory, *et al.,* Appellants, *vs.* THE REUBEN H. DONNELLEY CORPORATION, Appellee.—(PEOPLE *ex rel.* Illinois Dental Society *et al.,* Intervenors-Appellees.)

*Opinion filed September 14, 1960.*

Rothschild, Hart, Stevens & Barry, of Chicago, for appellants.

Sidley, Austin, Burgess & Smith, of Chicago, for appellee The Reuben H. Donnelley Corporation, and Peterson, Lowry, Rall, Barber & Ross, of Chicago, (Owen Rall, and John R. Porter, of counsel,) for intervenors-appellees.

Mr. Justice Bristow delivered the opinion of the court:

Plaintiffs, as dental laboratory technicians, appeal directly to this court from a decree of the superior court of Cook County finding the 1959 amendment to section 5a of the Dental Practice Act (Ill. Rev. Stat., 1959, chap. 91, par. 60a) to be constitutional, dissolving the temporary

injunction previously issued and dismissing plaintiffs' complaint for want of equity.

Since the constitutional validity of the above-referred-to amendment to section 5a of the Illinois Dental Practice Act is directly involved in this case, the appeal is properly taken direct to this court. Ill. Rev. Stat., 1959, chap. 110, par. 75 (1).

There is no dispute as to the facts involved in this case and the issues presented are solely matters of law. Plaintiffs are each dental laboratory technicians, each engaged in their own trade and business of constructing and repairing, extraorally, prosthetic dentures, bridges, and other replacements for teeth or parts thereof. In June, 1959, plaintiff Cordak, d/b/a A B Dental Plate Laboratory, placed his order for directory representation in the 1960 edition of the Chicago Classified Telephone Directory published by the defendant, Donnelley Corporation, commonly called the "Red Book" which advertisement read as follows:

> "A B Dental Plate Labtry
> Logan Square
> District
> A.B. CA 7-4060
> 2715½ N. Milwaukee
> Lakeview District
> DI 8-5053
> 1932½ W. Irving Pk. Rd.
> Specializing in Repairing
> Duplicating and Making of
> New Dentures
> Serving the Dental Profession Since 1919
> Member Ind. Dent. Lab. Asso.
> 1932½ W Irving Pk.........DIversey 8-5053
> 2715½ N Milwke............CApitol 7-4060"

In September of 1959 the other plaintiff, d/b/a Grand & Ashland Dental Laboratory, placed an order with the defendant for publication in the Chicago Red Book of an announcement reading as follows:

"Grand & Ashland Dental Laboratory
Emergency Plate Repairs
Immediate Service
1609 W. Grand Ave.
Serving the Dental Profession since 1940
1609 W Grand Ave.............CAnal 6-0678"

The defendant Donnelley Corporation refused and declined to print and publish each of said announcements so ordered by the plaintiffs, solely and entirely on the basis of the 1959 amendment to section 5a of the Illinois Dental Practice Act. Prior to such 1959 amendment the defendant Donnelley Corporation had accepted for publication the announcements contracted for by these plaintiffs as well as other dental laboratory technicians. Its refusal to publish the announcements above referred to is based on the fact that they contained more than name, address and telephone number of the dental technician.

Plaintiffs thereupon filed a complaint for declaratory judgment that the 1959 amendment to the Dental Practice Act was unconstitutional and void and further seeking to enjoin the defendant Donnelley Corporation from refusing to publish their announcements because of such amendment. A temporary injunction, after notice, was issued restaining the defendant Donnelley Corporation from refusing to publish plaintiffs' announcements in the 1960 Chicago Red Book. The Illinois State Dental Society and certain dentists, hereinafter referred to as intervenors, were given leave to intervene pursuant to an order limiting the issues to be adjudicated to the constitutionality of said amendment. The case was heard by the trial court sitting without a jury on an agreed statement of facts. The trial court in its decree found the amendment constitutional, dissolved the temporary injunction previously issued and dismissed plaintiffs' complaint for want of equity.

Plaintiffs in their complaint and in this court contend that the prohibition against advertising contained in the 1959 amendment to the Illinois Dental Practice Act violates

both the United States constitution and the constitution of the State of Illinois in the following respects:

A. That it is an abridgement of the plaintiffs' right to speak freely within the first amendment to the United States constitution and deprives plaintiffs of the right freely to speak, write and publish on all subjects in violation of article II, section 4, of the Illinois constitution.

B. That it violates the fourteenth amendment to the United States constitution by depriving plaintiffs of their property without due process of law and by depriving them of equal protection of the law, and that it violates article II, section 2, of the Illinois constitution because:

1. It is arbitrary, capricious and unreasonable;

2. There is no relation to the evil sought to be remedied;

3. It prevents plaintiffs from informing their customers of the nature and description of methods used and of qualifications of plaintiffs;

4. It prevents plaintiffs from informing customers of important matters such as change of management, change of name, former location, hours of business, speed and efficiency of service, number of years in business, experience of personnel, type of materials used, and the like;

5. It is an attempt to regulate phases of plaintiffs' business not connected with the practice of dentistry;

6. It prevents plaintiffs from specifying the types of customers with whom they are prepared to do business and from specifying that their announcements are directed only to lawful customers and not to members of the public.

C. That it impairs plaintiffs' right to freely contract to carry out legitimate functions of their business, in violation of article I, section 10, of the United States constitution and article II, section 14, of the Illinois constitution.

The brief of defendant Donnelley Corporation limits

itself to urging this court to give careful consideration to any law or regulation, however beneficial its purpose, which tends to impair the freedom of contract and the right of freedom of speech.

The intervenors' position is that the 1959 amendment in question is a valid exercise of the State's police powers.

The 1959 amendment to section 5a of the Illinois Dental Practice Act which is at issue in this litigation provides: "Announcements in business and telephone directories shall be limited to name, address and telephone number, and shall not occupy more than the number of lines necessary to disclose such information."

In order to properly consider the issues in this case, it is necessary to consider section 5a, as amended, as a whole, and it reads as follows:

"5a. Licensed dentists may employ or engage the services of any person, firm or corporation to construct or repair, extraorally, prosthetic dentures, bridges, or other replacements for a part of a tooth, a tooth, or teeth. A person, firm or corporation, so employed or engaged, when constructing or repairing such dentures, bridges or replacements, exclusively, directly and solely for licensed members of the dental profession, and not for the public or any part thereof, shall not be deemed or considered to be practicing dentistry as defined in this Act. However, it is unlawful for persons, firms or corporations so employed or engaged, to advertise in any manner the appliances constructed or repaired, or the services rendered in the construction, repair or alteration thereof, except, that persons, firms or corporations so employed may announce in trade journals and professional publications which circulate among members of the dental profession, their names, the locations or places of their business, their office hours, telephone numbers, and the fact that they are engaged in the construction, reproduction or repair of such appliances, together with such display advertisements as disclose the

character and application of their work, and persons, firms or corporations so employed or engaged may furnish to licensed dentists information regarding their products, materials, uses and prices therefor. Announcement may also be made by business card, in business and telephone directories, and by signs located upon the premises wherein the place of business is situated, but announcements made by business card or in business and telephone directories and signs shall not contain any amount as a price or fee for the services rendered, or to be rendered, or for any material or materials used or to be used, or any picture or other reproduction of a human head, mouth, denture or specimen of dental work or any other media calling attention of the public to their business. *Announcements in business and telephone directories shall be limited to name, address and telephone number, and shall not occupy more than the number of lines necessary to disclose such information.* The lettering on signs shall be no more than 7 inches in height and no illuminated or glaring light signs shall be used." (Italicized sentence is the amendatory portion here in issue.)

Plaintiffs do not question the right of the State to enact laws regulating their business activities (*Winberry* v. *Hallihan*, 361 Ill. 121) and they recognize that pursuant to such right the legislature may also prohibit advertising which offers services to the public. *People ex rel. Chicago Dental Society* v. *A.A.A. Dental Laboratories, Inc.*, 8 Ill.2d 330; *Lasdon* v. *Hallihan*, 377 Ill. 187.

The principal argument of plaintiffs is that the police power of the State in the present instance extends only to the right of prohibiting advertising by dental laboratory technicians which offers their services to the public, that the 1959 amendment to section 5a arbitrarily and capriciously defines and limits the plaintiffs' right to advertising without any logical or rational relation to whether such advertisement offers services to the public, all in violation

of plaintiffs' constitutional rights. In other words, plaintiffs' position is that the amendment has no reasonable relation to the protection of public health.

In our opinion, the decision of this court in *People ex rel. Chicago Dental Society* v. *A.A.A. Dental Laboratories, Inc.,* 8 Ill.2d 330, and the cases discussed therein are conclusive as to this case. In the *A.A.A. Dental Laboratories case* the validity of the section limiting the advertising was directly challenged. In that case we specifically held that certain defendant dental laboratory technicians were properly enjoined from advertising in telephone directories, by window posters, and by public display of specimen dentures and from dealing directly with the public. One of the defendants in that case had been advertising in the Chicago Red Book, and in the opinion the nature of the advertisement is set forth in detail. The opinion also refers to other advertising done by such defendant, such as exhibition of photographs of specimen dentures, advertising in religious publications and in a theater. The master in that case had found that such technician was not violating the provision relating to advertising or announcements because section 5a contained no limits on the size of announcements which could be made in a telephone directory. This court noted that all of the forms of advertising engaged in by such technician were clearly prohibited by the statute with the exception of the use of the telephone directory, and that as to telephone directories the statute permitted an announcement by business card. The trial court decree in respect to this particular type of advertising was reversed with directions to grant the injunctive relief sought, and we there said, at page 339: "* * * the one-quarter page display advertisements referred to in the master's report and the decree amount to a 'media calling attention of the public to their business' which is prohibited, rather than a 'business announcement' which is permitted. * * * While there is no evidence showing that this de-

fendant dealt directly with the public, his advertising activities clearly show a purpose to do so, and in our opinion justify a decree restraining him from dealing directly with the public."

We have carefully examined the evidence introduced in this case, particularly the two and one-half pages from the Chicago Red Book containing the advertising of dental laboratories. It is apparent that the display advertising here in issue is substantially of the same size and content and nature as was in issue as to numerous defendant laboratories in the *A.A.A. Dental Laboratories case*. The fact that plaintiffs are seeking to force the publisher of the classified telephone directory to accept display advertising of substantially the same size and content as was involved in the prior case, subsequent to the decision therein, is a rather clear and convincing demonstration that the General Assembly in 1959 had a reasonable basis for enacting the amendment in question. Section 5a of the Illinois Dental Practice Act, taken as a whole, very carefully protects the right of dental laboratories to advertise their products and services to licensed dentists who are their only lawful customers. The section, first of all, absolutely prohibits any kind of advertising but thereafter excepts from such prohibition announcements in trade journals and professional publications circulated among members of the dental profession. Such exception permits not only advertisements in such journals and publications of the technician's name, location, place of business, office hours, telephone number, and the nature of the business in which he is engaged, but also authorizes display advertisements as to the character and application of their work and the products, materials, uses and prices therefor. The statute also permits announcement by business card in business and telephone directories and by signs located upon the premises where the business is situated, provided such announcements are limited as to size and contain nothing as to price or fees or any pictures

"or any other media calling attention of the public to their business." At this point the 1959 amendment added the restriction of announcements in business and telephone directories to name, address and telephone number.

From a thorough consideration of the evidence in this case, the statute in question as a whole, and prior decisions of this court, we are of the opinion that the display advertisements in the Chicago Red Book here in issue are equivalent to the use of a "media calling attention of the public" to the technician's business and that the legislature was acting within the proper limits of its police power in adopting the 1959 amendment here in question which spells out in further detail the "business card" which is permitted. The act, as a whole, provides dental laboratories wide latitude in lawfully advertising their services and products to the dental profession, the class which they may lawfully serve, and this decision is amply supported by numerous decisions by the court in addition to the *A.A.A. Dental Laboratories case.* (*Winberry* v. *Hallihan,* 361 Ill. 121; *People* v. *Dubin,* 367 Ill. 229; *Lasdon* v. *Hallihan,* 377 Ill. 187; *Roberts Optical Co.* v. *Department of Registration and Education,* 4 Ill.2d 290.) Several decisions of the United States Supreme Court pertaining to similar and related statutes likewise establish that the 1959 amendment here in question does not violate plaintiff's rights or deprive them of privileges under the United States constitution. (*Semler* v. *Oregon State Board of Dental Examiners,* 294 U.S. 608, 79 L. ed. 1086; *Williamson* v. *Lee Optical of Oklahoma,* 348 U.S. 483, 99 L.ed. 563.) The same authorities support the conclusion that the exercise of its police power by the legislature in adopting the amendment here in question does not arbitrarily or capriciously curtail the right of contract of the parties. None of the judicial precedents from other jurisdictions discussed by the plaintiffs pass on a factual or legislative situation analogous to that

here presented and, therefore, are not decisive or persuasive of the issues before us.

The 1959 amendment being a reasonable and constitutional exercise of the legislature's right to prohibit or limit advertising by dental laboratory technicians who offer services to the public, the decree of the trial court is affirmed.

*Decree affirmed.*