**Thomas P. DUNCAN and Joseph E. Harvey, Plaintiffs,**

v.

**Daniel P. WARD, State's Attorney of Cook County, Illinois, and William G. Clark, Attorney General of the State of Illinois, Defendants,**

**and**

**Illinois State Dental Society, an Illinois corporation not for profit, and Joseph B. Zielinski and Carl J. Madda, Intervenor-Defendants.**

**No. 62 C 2358.**

United States District Court N. D. Illinois, E. D.

Dec. 19, 1963.

Martin S. Gerber, Chicago, Ill., for plaintiffs.

William G. Clark, Atty. Gen., of the State of Illinois, Ronald Butler, Asst. State's Atty., of Cook County, Chicago, Ill., for defendant.

Peterson, Lowry, Rall, Barber & Ross, Chicago, Ill., for intervenor-defendants.

Before SWYGERT, Circuit Judge, and ROBSON and DECKER, District Judges.

PER CURIAM.

Plaintiffs, dental mechanics, technicians and oral prosthetists, seek by their

---

complaint to declare the Illinois Dental Practice Act, Ch. 91, Ill.Stats.Ann., 1963, an unconstitutional discrimination against them, depriving them of equal protection, liberty and property without due process of law. Plaintiffs also seek an injunction against the defendants enforcing Sections 70 and 71a, the penal provisions of the Act. At plaintiffs' request a three-judge court has been convened.

Two motions to dismiss have been filed —one by defendant, the Attorney General, and the other by the intervenor-defendants. The bases of the motions are (1) the failure to allege the complete diversity of citizenship prerequisite to jurisdiction; (2) no assertion of a substantial federal question;[1] (3) the constitutionality of the Act has already been decided adversely to plaintiffs' contention by the Illinois Supreme Court (People ex rel. Chicago Dental Society, et al. v. A. A. A. Dental Laboratories, Inc., 8 Ill.2d 330, 134 N.E.2d 285 (1956),[2] and (4) no equitable jurisdiction exists under the Act because plaintiffs have an adequate remedy at law.

Condensed, the prolix allegations of the complaint are: Plaintiffs Duncan, an Illinois citizen, and Harvey, an Indiana citizen, for themselves and as members of a class, sue defendants (Illinois citizens) the State's Attorney for Cook County and the Attorney General of Illinois, under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and for other equitable relief. The controversy, plaintiffs allege, involves more than the requisite jurisdictional amount, which damages are continuing, increasing, and causing irreparable damages.

Plaintiffs state that they are skilled, and possess technical ability to fabricate, design and repair dental prosthetic appliances, such as artificial dentures, from impressions of the human mouth, preparing molds from the impressions, from which molds the dentures are made. Most dentists are unable to do this mechanical work, and 90% of the dentists prefer not to take the time to do the work. Plaintiffs further allege their livelihood depends on their being able to continue this work, but the Act permits their doing so only for and under a work order from licensed dentists. More importantly, now under amendments to the Act there is no longer the direct supervision of a dentist, but *sub-contracts* are permitted, thus removing the supervision of the dentist one step further, which is indicative of lack of need of a dentist's supervision. The dental technicians themselves *are not licensed* nor are any *objective standards of ability* or proficiency set forth in the Act.

The complaint further alleges that the unconstitutional regulation

"is achieved by the indirection and misdefinition of the practice of dentistry and the unconstitutional delegation of the licensing power of the State of Illinois over dental technicians, dental mechanics and oral prosthetists to licensed dentists."

They further allege that

"the statutes are economic in purpose, the products of pressure groups and lobby and not designed, not intended, nor necessary, to protect the public health, welfare and safety."

They further state that the legislation is "designed for the purpose of creating and preserving to licensed dentists a monopoly" in the dental prosthetic appli-

---

1. People ex rel. Chicago Dental Society, et al. v. A. A. A. Dental Laboratories, Inc. et al., 352 U.S. 863, 77 S.Ct. 97, 1 L.Ed.2d 73; Cordak v. Reuben H. Donnelley Corp., 365 U.S. 299, 81 S.Ct. 692, 5 L.Ed.2d 689; Amsel v. Brooks, 348 U.S. 880, 75 S.Ct. 125, 99 L.Ed. 693. On the other hand, plaintiffs believe substantiality is proved by the fact that one of them is now on trial for con-

tempt under an injunction obtained by intervenors, and is being subjected to "legal persecution."

2. On appeal to the United States Supreme Court the motion to dismiss was granted and "the appeal is dismissed for want of a substantial federal question." (352 U.S. 863, 77 S.Ct. 97, 1 L.Ed.2d 73, rehr. den. 352 U.S. 919, 77 S.Ct. 212, 1 L.Ed.2d 124)

ance business, and licensed dentists are coerced into refraining from dealing with dental technicians who may be violating the Act.

Plaintiffs further assert that the manufacture of their products by skilled artisans is a sale of articles of commerce made to specifications and the regulation of the makers has no reasonable relation to public health or welfare, and were it not for the Act plaintiffs could, without practicing dentistry, engage in the business of repairing, relining, or reproducing the devices without the making of casts of the mouth, or fitting the device in the mouth. They claim the right to perform those services directly to the public without the intervention of the dentist who deprives the plaintiff of the major part of the profit.

Further, plaintiffs maintain that Section 60(8), ch. 91, Ill.Stats.Ann., defining the practice of dentistry to include certain acts, as depriving them of property in violation of the Fifth and Fourteenth Amendments to the United States Constitution because those acts are "customarily and historically performed by" dental technicians. They make similar contentions as to Section 60(9) and 60 (10).

They complain of Section 60a which provides that work done by technicians under employment by a dentist is not to be deemed practising dentistry. The Act also restricts and regulates advertising by technicians, as to situs, format, and content, for the purpose of precluding direct contact between the public and the technicians. This statutory provision, plaintiffs contend, deprives them of equal protection of the law and of their property without due process, in violation of the aforenamed amendments. They contend dentists can hire anyone at their whim, without standards set up for them, although many dentists' work is unsatisfactory.

Plaintiffs challenge Section 60b (which permits subcontracts) as a violation of the same amendments, and deem the section tantamount to a "stranglehold on

the sale and manufacture of removable dental plates * * *."

They further complain of Section 62 (16) which makes a basis for the losing of a dentist's license, the taking of impressions for or using the services of anyone violating Section 60a. They summarize their position in their complaint to be that the

"Illinois Dental Practice Act * * sets forth in its general tenor and effect, an unconstitutional discrimination against the plaintiffs resulting therefrom which deprives plaintiffs * * * of their liberty and property, without due process of law, and also deprives them of equal protection of'the law."

They base their contention as to the existence of an actual controversy for declaratory judgment suit purposes on the fact that criminal proceedings and proceedings for injunction have been instituted against plaintiffs. They contend that this suit concerns *new* sections of the Act added after the decisions relied on by defendants were handed down, or on prior existing sections, but assert new grounds for their unconstitutionality.

■■■ The Court concludes the motions to dismiss are soundly predicated. There can be no question that under the statute (28 U.S.C. § 1332) diversity must be complete. (Walker v. Bank of America National Trust & Sav. Ass'n, 9 Cir., 268 F.2d 16; Cyclopedia of Federal Procedure, § 2.294) Complete diversity is necessary in a declaratory judgment suit. (Gaw v. Higham, 267 F.2d 355 (C.A.6, 1959)) The Court in the Gaw case said at p. 357 of 267 F.2d:

"Diversity [in a declaratory judgment action] must exist between all plaintiffs on the one hand, and all defendants on the other. * * *"

Plaintiffs maintain no diversity is necessary, however, because this suit arises under the Constitution of the United States.

■■ The Illinois Supreme Court's adjudications of the constitutionality of the

Act under the Illinois Constitution are binding upon this Court. (Lee-Wilson, Inc. v. General Electric Co., 222 F.2d 850 (C.A.1, 1955); Cyclopedia of Federal Procedure § 6.18) In Neblett v. Carpenter, 305 U.S. 297, 302, 59 S.Ct. 170, 172, 83 L.Ed. 182, the Supreme Court stated:

"It is argued that the Code unconstitutionally delegates legislative functions to the Commissioner, and that the Supreme Court [of California] erred in not so holding. This, again, is a question of state law the decision of which by the State's highest court is binding upon us."

■ Furthermore, the Illinois Supreme Court's finding of 'constitutionality of the Act under the Federal Constitution, while not binding in a Federal court is of persuasive effect. (16 C.J.S. Constitutional Law § 13)

The Illinois Supreme Court in the recent case of Cordak v. Reuben H. Donnelley Corp., 20 Ill.2d 153, 169 N.E.2d 321 (1960),[3] while dealing solely with the constitutionality of Section 60a which prescribes drastic limitations on permissible Red Book advertising, affirmed the trial court's dismissal of a complaint for declaratory judgment and injunction upon a finding of constitutionality under both the Federal and State constitutions. The Court in that case held its prior decision in People ex rel. Chicago Dental Society v. A. A. A. Dental Laboratories, Inc., 8 Ill.2d 330, 134 N.E.2d 285, "conclusive" of the case before it. The Court went on to say, 20 Ill.2d at p. 161, 169 N.E.2d at p. 325 that:

"The fact that plaintiffs are seeking to force the publisher of the classified telephone directory to accept display advertising of substantially the same size and content as was involved in the prior case, subsequent to the decision therein, is a rather clear and convincing demonstration that the *General Assembly in 1959 had a reasonable basis for enacting the amend-*

*ment in question.* Section 5a [60a], * * * taken as a whole, very carefully protects the right of dental laboratories to advertise their products and services to licensed dentists who are their only lawful customers." (Italics supplied.)

The Court went on to say, 20 Ill.2d at pp. 162–163, 169 N.E.2d at p. 325:

"The act, as a whole, provides dental laboratories wide latitude in lawfully advertising their services and products to the dental profession, the class which they may lawfully serve, and this decision is amply supported by numerous decisions by the court in addition to the A. A. A. Dental Laboratories case. * * * Several decisions of the United States Supreme Court pertaining to similar and related statutes likewise establish that the 1959 amendment here in question does not violate plaintiff's rights or deprive them of privileges under the United States constitution. * * * The same authorities support the conclusion that the exercise of its police power by the legislature in adopting the amendment here in question does not arbitrarily or capriciously curtail the right of contract of the parties. * *

"The 1959 amendment being a reasonable and constitutional exercise of the legislature's right to prohibit or limit advertising by dental laboratory technicians who offer services to the public, the decree of the trial court is affirmed."

The motion to dismiss this appeal was granted and the appeal dismissed "for *want of a substantial federal question."* (Italics supplied.) (Cordak v. Reuben H. Donnelley Corp., et al., 365 U.S. 299, 81 S.Ct. 692, 5 L.Ed.2d 689 (1961))

The Illinois Supreme Court has previously passed upon and upheld the constitutionality of the Dental Practice Act, in a suit instigated by the Chicago Dental Society to enjoin certain dental techni-

---

3. An earlier Illinois decision of like purport was Lasdon v. Hallihan, 377 Ill. 187, 36 N.E. 2d 227.

cians from violating the Act (People ex rel. Chicago Dental Society, et al. v. A. A. A. Dental Laboratories, Inc., 8 Ill. 2d 330, 134 N.E.2d 285 (1956). The Court said at pp. 331–335, 337 of 8 Ill.2d 134 N.E.2d at p. 287:

"The statute provides a comprehensive scheme of regulation of the practice of dentistry. The controversy centers primarily upon sections 5a and paragraphs (8) and (9) of section 5. * * *

"The effect of these provisions is to make it unlawful for dental laboratory technicians to take impressions for false teeth, or to make or repair them, except when engaged or employed to do so by a licensed dentist. * * *

"Defendants' principal contention is that the statute deprives them of due process of law under the State and Federal constitutions. Voluminous testimony establishes beyond doubt that the furnishing of artificial dentures is intimately related to the general health of the patient, and that the mechanical work of making the denture is but a small part of the total undertaking, which always requires biological, physiological and pathological knowledge, and sometimes surgical skill. This relationship justifies legislative regulation of dentistry, *including prosthetic dentistry.* * * *

"It is argued, however, that although the general subject is within the legislative competence, the particular regulation is unreasonable, arbitrary and unrelated to concerns of public health. *It is pointed out that under the act no qualifications are established for the laboratory technicians who make dental plates.* Any person may do so, and the only qualification, it is said, is that the work must be done through the brokerage of a dentist. *It is argued that the dentist is thus given what amounts to governmental control over the laboratory technician,* *which may be exercised arbitrarily since no standards are prescribed. The technician is afforded no protection; his success is dependent upon the favor of the dentist.* * * *

"In our opinion the power of the legislature is not exhausted when it has provided that there shall be professional supervision at the inception and the conclusion of what is essentially a single process. *It may, if it sees fit, go further and insure that responsibility to the patient shall not be fragmented, and it may focus that responsibility upon a member of the profession which it regulates.* By that means, compliance with the requirement that the dentist shall fit the appliance in place and make the necessary adjustments may be enhanced, protection against inferior workmanship and materials and exorbitant prices may be ensured, and the dentist can be certain that the work for his patients is done by those in whose integrity, competence and skill he has confidence. * * *

"There is in the present case no prescribed economic hierarchy, with access to each successive stage controlled by the dominant interest. Any person is free to become a dental laboratory technician. The statute places no artificial restraint upon him. His success is determined by the normal process of competition. By the statute his direct dealings are limited to those who are peculiarly fitted by education and training to judge the quality of his work. But in this restriction there may be protection for members of the public who lack the capacity to make an informed appraisal of the quality and value of the product, and protection as well for the economic independence of a profession serving public health needs. The General Assembly has regarded the limitation in the statute as necessary to protect the public and the dental profession, and we are unable to say that its determination is entirely

without foundation." (Italics supplied.)

While some of the more recent amendments to the Dental Practice Act postdate the decisions above-quoted, the arguments attacking their constitutionality are the same as those which were dealt with in such detail in the A. A. A. Dental Laboratories, Inc. case, supra, and which were, on appeal [4] to the United States Supreme Court found in "want of a substantial federal question." The permitting of sub-contracts, contemplated by Section 60b, is no more than possibly a recognition of modern technical specialization. The initial direction and the final approval of the dentist are still required. This trained dental supervision was held a justified legislative regulation of the dental technician industry under the above-quoted decisions.

It is apparent to the Court that the plaintiffs are attempting to use the same identical arguments to overthrow legislation, changed in but minor respects, which has heretofore been universally upheld as constitutional, both under the Federal and State constitutions.[5]

The case of Semler v. Oregon State Board of Dental Examiners, et al., 294 U.S. 608, 55 S.Ct. 570, 79 L.Ed. 1086,[6] which was an appeal from the Supreme Court of Oregon affirmed the State court's dismissal of a complaint raising the validity of an Oregon statute relating to the conduct of dentists. The statute prevents dentists from advertising their professional superiority and prices, from advertising free dental work and free examinations, and the use of advertising solicitors. The Supreme Court held the

regulations valid under the due process clause of the Fourteenth Amendment, without regard to the truthfulness of the representations or the benefit of the services advertised. The Court said, in affirming, 294 U.S. at pp. 609–612, 55 S.Ct. at pp. 571–572, 79 L.Ed. 1086:

"The circuit court [of Oregon], overruling this contention, sustained a demurrer to the complaint and, upon the refusal of plaintiff to plead further, the suit was dismissed. On appeal, the Supreme Court of the State took the same view of the federal question and affirmed the judgment. * * *

"That the State may regulate the practice of dentistry * * * is not open to dispute. * * * The State may thus afford protection against ignorance, incapacity and imposition. * * * [I]t may prohibit advertising that tends to mislead the public in this respect. * * *

"We do not doubt the authority of the State to estimate the baleful effects of such methods and to put a stop to them. The legislature was not dealing with traders in commodities, but with the vital interest of public health, and with a profession treating bodily ills and demanding different standards of conduct from those which are traditional in the competition of the market place. The community is concerned with the maintenance of professional standards which will insure not only competency in individual practitioners, but protection against those who would prey upon a public peculiarly

4. The arguments in the briefs on those appeals to the United States Supreme Court reveal a striking similarity to all the arguments here made.

5. Judge Walter J. LaBuy, in case No. 59 C 249, People ex rel. Illinois State Dental Society, et al. v. Maxwell E. Potts, concluded, on November 21, 1960, that Sections 3, 5, 5a, 18 and 18b of the Act were valid under the Federal Constitution.

6. Holdings enunciating similar principles are: Barsky v. Board of Regents, 347 U.S. 442, 74 S.Ct. 650, 98 L.Ed. 829 (1954); Williamson v. Lee Optical Co. of Oklahoma, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955). In the Williamson case, the Supreme Court said at p. 488 of 348 U.S., 75 S.Ct. at p. 464, 99 L.Ed. 563: "The day is gone when this Court uses the Due Process Clause of the Fourteenth Amendment to strike down state laws, regulatory of business and industrial conditions."

susceptible to imposition through alluring promises of physical relief."

As defendants point out, the want of substantiality of a federal question is here proved "because its unsoundness so clearly results from the previous decisions of the Federal Supreme Court as to foreclose the subject and leave no room for the inference that the question sought to be raised can be the subject of controversy." (12 A.L.R.2d 29)

■ Since it has heretofore been determined that there was a want of a "substantial federal question" in both the A. A. A. Dental Laboratories, Inc. and the Cordak v. Reuben H. Donnelley Corp. cases, supra, the Court concludes that there is no legal basis advanced by plaintiffs which differentiates this controversy from those cases, and such "substantial federal question" is also absent here. The defendants' and intervenor-defendants' motions to dismiss are well taken and said motions to dismiss are granted. Defendants will present an appropriate decree within ten days from the date hereof.