Charles Lavin, Plaintiff-Appellant, v. Department of Registration and Education of the State of Illinois, William Sylvester White, Director of Said Department, and Edgar T. Stephens, Defendants-Appellees.

**Gen. No. 49,598.**

First District, Second Division.

February 9, 1965.

Charles D. Snewind and Crowley, Sprecher, Barrett & Karaba, all of Chicago (Robert A. Sprecher, of Counsel), for appellant.

William G. Clark, Attorney General, of Chicago (Richard A. Michael and Edward A. Berman, Assistant Attorneys General, of counsel), for Department of Registration and Education of the State of Illinois and William Sylvester White, Director of Said Department, appellees. Peterson, Lowry, Rall, Barber & Ross, of Chicago (Owen Rall and John R. Porter, of counsel), for Edgar T. Stephens, appellee.

MR. JUSTICE BRYANT delivered the opinion of the court:

This appeal is brought from a judgment order entered in the Circuit Court of Cook County, January 16, 1964, affirming an order of the Director of the Department of Registration and Education, which revoked the appellant's license to practice dentistry.

A complaint was filed before the Department of Registration by Edgar T. Stephens, the relator in this matter, alleging eight violations of the Dental Practice Act, Ill Rev Stats 1959, ch 91, par 56a–72h. A hearing was had before the Board of Dental Examiners at which the appellant, Doctor Lavin, was present and represented by counsel. At the conclusion of the hearing the Board issued a report in which it made the following findings:

"1. . . .

"2. In or about 1958, Respondent rented space from the Clark Dental Laboratory at 2656

North Clark Street, Chicago, Illinois, where he has practiced dentistry five days a week, Monday through Friday, with Wednesday off. The monthly rental Respondent pays is $40.00 and covers use of a reception room and an operating room, and also includes electricity, water and heat. Hugo and Mrs. Charlotte Heins, also known as Heinsheimer, are Respondent's lessors. The reception room and dental office are in the front part of the premises and the dental laboratory is located to the rear. Neither Hugo nor Charlotte Heins is a licensed dentist.

"3. Respondent's practice is general, including extractions and dentures. His laboratory work is done by the Clark Dental Laboratory, which bills Respondent for each case separately. There is no minimum guarantee by the Laboratory of Respondent's compensation.

"4. . . .

"5. Respondent's name appears on the front window and front door of the premises at 2656 North Clark Street, along with the name Clark Dental Laboratory. Respondent authorized his name to be put there.

"6. Clark Dental Laboratory carried a two-inch, one-column display advertisement in the 1959 and 1960 issues of the Chicago Red Book classified telephone directory. . .

"7. . . .

"8. Respondent either knew or should have known that Clark Dental Laboratory, with which he was associated professionally, was advertising directly to the public by means of the Chicago Red Book telephone directory."

Findings of similar nature were made concerning offices of the appellant (respondent at the hearing)

306

which were located at 32 North State Street, Chicago, and at 127 North Dearborn Street, Chicago. At the State Street address, the appellant rented from the Allied Optical Company. The Allied Optical Company also rented office space to Perfected Dental Products Company. Both Allied Optical Company and Perfected Dental Products Company advertised in the Chicago Red Book classified telephone directory. At the Dearborn Street address, the appellant was found to be renting from one Beldon Clyde who operated four dental laboratories. It was found that "Respondent's name, along with the names of said laboratories, appeared on the door of the seventh floor premises occupied by said laboratories." Laboratories in this suit of offices were advertising in the Chicago Red Book classified telephone directory.

The following findings were also made by the Board:

"20. Respondent telephoned the Chicago office of the Illinois State Dental Society on three different occasions in May and June, 1958, and inquired of the Program Director as to the propriety of Respondent setting up a dental practice in a dental laboratory. Respondent stated that he could get a lot more business by going into a dental laboratory than he had at that time in his own practice. Respondent was informed that such arrangement could jeopardize his license to practice dentistry and could lead to proceedings to revoke that license, especially if the dental laboratory advertised to the public.

"21. On two different occasions, December 8 and December 15, 1959, Respondent was reached by telephone at said Clark Dental Laboratory by the Program Director of the Illinois State Dental Society and during the conversation which ensued, Respondent stated that he was

307

a mental case and that was the reason he was forced to work in these holes."

On the basis of the findings of fact, the Board determined that appellant was guilty of improper conduct in that he violated the Dental Practice Act by aiding and abetting persons not licensed to practice dentistry in Illinois, to engage in the practice of dentistry in violation of the Act. Ill Rev Stats 1959, c 91, par 62(6). The Board also found appellant guilty of having professional connection or association with various individuals who were holding themselves out to the public in a manner contrary to the law in that they were operating dental laboratories which advertised to the public. Ill Rev Stats 1959 c 91, par 60a, 62(8).

In addition, the Board found that appellee had been practicing dentistry in a name other than his own in violation of Ill Rev Stats 1959, c 91, par 62(10) and that appellant had taken impressions for or used the services of a person, firm or corporation violating provisions of Ill Rev Stats 1959, c 91, par 60a, which constituted a violation of par 62(16) of the same chapter. Finally, the Board concluded that appellant had advertised or solicited by himself, or through other persons, firms or corporations, by means of classified telephone directories and by signs on premises occupied by him, for professional business in violation of Ill Rev Stats 1959, c 91, par 62(17).

Appellant claims that the findings of fact of the Board are against the manifest weight of the evidence, and also makes the claim that even if the facts are proven as true, there is nothing which establishes a violation of the Dental Practice Act.

■■ The findings of fact made by an administrative agency are prima facie true and correct. Menning

v. Department of Registration, 14 Ill2d 553, 153 NE2d 52 (1958). We can set aside the findings of fact made by the Board of Dental Examiners only where those findings are not supported by competent or substantial evidence.

 In this case, the appellant admitted at the hearing that he was practicing dentistry in offices shared with the Clark Dental Laboratory at 2656 North Clark Street. The appellant stated he had an office at 32 North State Street but claims he knew of no other dentist or dental laboratory at that address. The Chicago Classified Telephone Directory was introduced into evidence and shows a Perfected Dental Products Company listed at 32 North State Street. A photograph was also introduced showing a glass door on which is the lettering:

DENTISTS
DR. SAMUEL B. KATZ
DR. CHARLES LAVIN

ALLIED OPTICAL CO.

PERFECTED DENTAL PRODUCTS CO.

We hold that this provided enough evidence to sustain a finding that the appellant knew or should have known he was in an office used by Perfected.

 With regard to the third location, appellant denies that he ever had an office at 127 North Dearborn. The relator, Stephens, however, testified that the appellant's name was on the building directory. There is a photograph in evidence showing an office door bearing the writing:

ASSOCIATED DENTAL LAB.

TRU-GRIP DENTAL LAB.

DR. CHARLES LAVIN
DENTIST

ACE DENTAL LAB.

The appellant testified that he had looked at an office in that building but that he never rented it. He said he did not know how his name got on the office door or on the building directory. He first testified he did not know Beldon Clyde, the owner of the dental laboratories at that address, but later admitted that he knew Clyde and had known his father as well.

The relator testified that he had spoken to the appellant over the telephone, having called him once at the Clark Street office and once at the Dearborn Street address. He also testified that the appellant had called him twice concerning the permissibility of opening an office in a suite occupied by a dental laboratory. The appellant denied these conversations.

A photograph of a door was in evidence, but nothing in the photograph establishes the location of the office. The relator, however, testified that he took the photograph in question on September 23, 1959, at 127 North Dearborn Street.

It is clear that the name of the appellant was on the door at 127 North Dearborn Street; he admits that much himself. It is also clear that his testimony on this point was not particularly forthright. He denied and then admitted knowing Beldon Clyde. When asked who it was who told him his name was on the door he answered, "Well, it is nobody's business, but they told me—" He later said he could not remember. There were many other points during the testimony of

the appellant at the hearing when his story shifted—sometimes drastically. At first he claimed he did not know if the Clark Dental Laboratory was located in the same suite of offices as his at 2656 North Clark Street. Later in the testimony it is clear he knew of the existence of the laboratory at that address and knew who the owners were. We cannot say that the Board was going against the manifest weight of the evidence in believing the relator and not believing the appellant concerning the office on Dearborn.

It is not denied that the laboratories in question had taken display advertisements in the Chicago Classified Telephone Directory. We cannot say, therefore, the findings of fact made by the Board of Dental Examiners were contrary to the manifest weight of the evidence or were not based on competent and substantial evidence.

The question left to this court, therefore, is whether the findings of fact justify the conclusions of law made by the Board.

The Dental Practice Act provides in part:

"The department may refuse to issue the license provided for in this Act, or may revoke or suspend any license now in force . . . when the licensee is found guilty of any of the following acts or offenses:

". . .

"8. Professional connection or association with, or lending his name to another for the illegal practice of dentistry by another . . ." Ill Rev Stats 1959, c 91, par 62(8).

The appellant was found guilty of violating this paragraph of the Dental Practice Act, and we believe the revocation of his license can be affirmed on this point. The appellant admits he rented office space

from the Clark Dental Laboratory and that the Laboratory was conducting its business at that location. It is admitted that the Clark Dental Laboratory took display advertising in the Chicago Classified Telephone Directory.

In People ex rel. Chicago Dental Society v. A. A. A. Dental Laboratories, Inc., 8 Ill2d 330, 134 NE2d 285 (1956), the Supreme Court held that display advertising by dental laboratories constituted a violation of Ill Rev Stats 1955, c 91, par 60a. The defendants in that case had used advertisements in the Chicago Classified Telephone Directory up to one quarter of a page in size. The smallest permissible advertisement is not given in that opinion, but the standard set forth is clear. The "display advertisements referred to in the master's report and the decree amount to a 'media calling attention of the public to their business,' which is prohibited, rather than a 'business announcement' which is permitted." People ex rel. Chicago Dental Society v. A. A. A. Dental Lab. (supra), page 339 of the official reports.

Can it be said that the advertisement taken out by the Clark Dental Laboratory in the Chicago Classified Telephone Directory was directed primarily to the dental profession rather than to the public? In Cordak v. Reuben H. Donnelley Corp., 20 Ill2d 153, 169 NE2d 321 (1960), the Supreme Court held that display advertising similar to that in question here to be "equivalent to the use of a 'media calling attention of the *public*' to the technician's business. . . ." (Emphasis supplied.) It is clear then that at the time the appellant was sharing office space with the Clark Dental Laboratory, that laboratory was violating the Dental Practice Act and was engaging in the illegal practice of dentistry. Ill Rev Stats 1959, c 91, pars 60, 60a.

A 1959 amendment to par 60a limits telephone listings for dental laboratories to the name, address and

312

telephone number. The display advertisements clearly violate that statute, but there is nothing in the record to show whether the advertisements appearing in the 1960 classified directory were contracted for before or after the amended statute went into effect. We have, therefore, chosen to decide the case under the law before it was amended.

The appellant associated himself with and lent his name to the Clark Dental Laboratory in violation of the Act. The window of the laboratory bore the writing:

DR. C. LAVIN

DENTIST

———

CLARK DENTAL
LABORATORY

C. HEINS, PROP.

We cannot think of a clearer case of lending one's name to a dental laboratory in violation of Ill Rev Stats 1959, c 91, par 62(8).

■ Having decided that the revocation of the appellant's license is justified on these grounds, it becomes unnecessary to consider any of the other findings or conclusions of the Board of Dental Examiners.

The judgment is affirmed.

Judgment affirmed.

BURKE, P. J. and LYONS, J., concur.